

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JULIO CHRISTIAN

: CIVIL ACTION

v.

: NO. 10  3347

SECURITIES AND EXCHANGE
COMMISSION

## STATEMENT OF CLAIM

1. CLAIM STATES VIOLATION OF THE SECURITIES ACT PROHIBITION AGAINST FRAUDULENT REGISTRATION STATEMENTS.

2. THAT HE PURCHASED HIS STOCK IN THE INITIAL OFFERING OR TRACE HIS LATER-PURCHASED STOCK BACK TO THE INITIAL OFFERING.

3. THAT HE PURCHASED SHARES EITHER DIRECTLY IN THE PUBLIC OFFERING AT ISSUE OR THAT THE SECURITIES PURCHASED WERE TRACEABLE TO THAT PUBLIC OFFERING.

4. CLAIM STATES VIOLATION OF THE SECURITIES ACT PROHIBITION AGAINST SALE OF UNREGISTERED SECURITIES.

5. THAT THEY BOUGHT THE SECURITY AND THAT THERE WAS A MATERIAL MISSTATEMENT OR OMISSION IN THE REGISTRATION STATEMENT OR PROSPECTUS.

6. THAT HE BOUGHT SECURITY AND THAT THERE WAS MATERIAL MIS-STATEMENT OR OMISSION IN REGISTRATION STATEMENT.

7. THAT ISSUING CORPORATION, CORPORATE INSIDERS, AND CORPORATION'S UNDERWRITERS FAILED TO MAKE REASONABLE INVESTIGATION OF STATEMENTS CONTAINED IN REGISTRATION STATEMENTS AND PROSPECTUS ISSUED IN CONNECTION WITH INITIAL AND SECONDARY PUBLIC OFFERINGS, AND THAT MISREPRESENTATIONS WOULD HAVE BEEN KNOWN BY DEFENDANTS HAD THEY CARRIED OUT THEIR RESPONSIBILITIES WITH REASONABLE CARE.

8. THAT CORPORATION OFFERED, SOLD, AND SOLICITED SALES OF SHARES, BY MEANS OF PROSPECTUS: THAT CORPORATION ACTIVELY SOLICITED SALE OF SHARES TO PLAINTIFFS.

9. THAT FACILITIES' SHORTCOMINGS CAUSED ACCOUNTS RECEIVABLE, DOUBTFUL ACCOUNTS AND LOSSES INFORMATION TO BE INACCURATE, STATE AMOUNTS IN WHICH ACCOUNTS WERE IN ERROR .

10. STATEMENT CONTAINED AN OMISSION OR MISREPRESENTATION , AND OMISSION OR MISREPRESENTATION WAS MATERIAL , THAT IS , IT WOULD HAVE MISLED A REASONABLE INVESTOR ABOUT THE NATURE OF HIS OR HER INVESTMENT .

11. THE PLAINTIFFS PURCHASED SECURITIES TRACEABLE TO AN EFFECTIVE REGISTRATION STATEMENT, THE DEFENDANTS FALL WITHIN THE STATUTORILY ENUMERATED CATEGORIES, AND THE REGISTRATION STATEMENT, AT THE TIME IT BECAME EFFECTIVE, CONTAINED A MATERIAL MISSTATEMENT OR OMISSION .

12. THAT COMPANY MANUFACTURING COMPUTER HARDWARE STORAGE DEVICES MADE PROJECTION ACTIONABLE UNDER SECURITIES ACT, BY PREDICTING THAT MARKET FOR SPECIFIED PRODUCT WOULD INCREASE AT COMPOUNDED RATE OF 34.1 %

13. STATEMENT WAS NOT GENUINELY BELIEVED : THERE WAS NO REASONABLE BASIS FOR BELIEF AND : SPEAKER WAS AWARE OF UNDISCLOSED FACTS TENDING TO SERIOUSLY UNDERMINE ACCURACY OF STATEMENT .

14. THAT PROPER CONSIDERATION OF PAYMENT AND DELINQUENCY RATES WOULD HAVE RESULTED IN REPORT OF LOSSES RATHER THAN RECORD EARNINGS .

15. THAT A FALSE REGISTRATION STATEMENT HAD BEEN ISSUED AND THAT THERE WAS LIABILITY INVOLVING PROSPECTUSES AND COMMU - NICATIONS ; THE ESSENCE OF THE CLAIMS WAS FRAUD .

16. THAT THE PERSONS MAKING THE STATEMENTS KNEW THEY WERE FALSE WHEN MADE .

17. THAT THE FILING OF THE FALSE FORMS AT THE TIME IN QUESTION WAS THE SECRET WORK OF ONE INDIVIDUAL .

18. THAT DEFENDANT MISREPRESENTED TO INTERNAL REVENUE SERVICE OWNERSHIP STATUS OF BUSINESS RUN BY DEFENDANT .

19. THAT AFFIRMATIVE STATEMENT WAS MADE MISLEADING BY THE NONDISCLOSURE

31. INVESTORS PURCHASING SECURITIES OF A CORPORATION ON THE OPEN MARKET, WITHIN THE INITIAL PUBLIC OFFERING PERIOD, THAT THEY PURCHASED THE SHARES PURSUANT TO THE PUBLIC OFFERING PRO-SPECTUSES.

32. MATERIAL MISREPRESENTATIONS AND OMISSIONS IN CONNECTION WITH REGISTRATION STATEMENT IN VIOLATION OF SECURITIES ACT, ACCOUNT-ANTS UNDERSTATED EXPENSES AND IMPROPRIETY CLAIMED INCOME, IN VIOLATION OF GENERALLY ACCEPTED ACCOUNTING PRINCIPLES AND GENERALLY ACCEPTED ACCOUNTING STANDARDS.

33. THAT THERE WAS DIMINUTION IN VALUE OF THEIR SECURITIES AS RESULT OF ACQUIRING CORPORATION'S MISREPRESENTATIONS IN ITS REGISTRATION STATEMENTS.

34. THAT THEY EXERCISED DUE DILIGENCE AFTER RECEIVING CON-STRUCTIVE NOTICE OF FRAUD.

35. THAT BUYER AND SELLER RELATIONSHIP EXISTED BETWEEN PLAINTIFF AND DEFENDANT

36. THAT DEFENDANT WAS EITHER TITLE-HOLDER OF SECURITIES PRIOR TO SALE OR THAT DEFENDANT ACTING AS AGENT SUCCESSFULLY SOLICITED PLAINTIFF'S PURCHASE OF SECURITIES FROM TITLE-HOLDER.

37. PLAINTIFF ALLEGE FRAUD IN CONNECTION WITH SALE OF SECURITIES USING FALSE OR MISLEADING PROSPECTUS.

38. THAT PARTICIPANT SOLICITED SALES IN QUESTION MOTIVATED BY DESIRE TO SERVE HIS OWN FINANCIAL INTERESTS.

39. PLAINTIFF ASSERTS DEPRIVATION OF LIBERTY ARISING FROM MEDICAL/PSYCHIATRIC CONFINEMENT: PLAINTIFF WAS NOT ABLE TO COMPREHEND THE NATURE OF CIRCUMSTANCES WHEN HE WAS TAKEN INTO CUSTODY.

40. THAT THE PROMOTERS CONCEALED THE NATURE OF THE CLAIM: THAT THEY EXERCISED DUE DILIGENCE IN PURSUING THE DISCOVERY OF THE CLAIM.

41. THAT BROKER, TOGETHER WITH OTHERS DEVISED SCHEME FOR IMPROPERLY TRANSFERRING REGULATION S-FORM FROM FOREIGN ENTITIES, TRANSFERRED STOCK TO FOREIGN ENTITIES WITHOUT RECEIVING PAYMENT IN RETURN, AND RECEIVED PROCEEDS FROM SALE OF UNREGISTERED STOCK TO AMERICAN CITIZEN AS PARTICIPANT OF SCHEME.

4

42. EXISTENCE OF PROSPECTUS OR ORAL STATEMENTS MADE BY DEFENDANT - BROKERS RELATING TO PROSPECTUS .

43. ALLEGATION THAT BROKER MAINTAINED AND EXECUTED TRADES OF REGULATION S - STOCK ON BEHALF OF FOREIGN ENTITIES THAT WERE ALLEGEDLY CREATED FOR SOLE PURPOSE OF RE - TRANSFERRING UN - REGISTERED STOCK , BROKER FAILED TO MAINTAIN ANY INFORMATION ABOUT FOREIGN ENTITIES BESIDES THEIR NAMES AND ADDRESSES CONTRAVENING BROKER'S STANDARD POLICY , AND BROKER RECEIVED COMMISSION FAR IN EXCESS OF TYPICAL COMMISSIONS FOR EXECUTING TRADES .

44. INVESTOR PLEAD SECURITIES FRAUD CLAIM AGAINST BROKER THAT ALLEGEDLY USED MANIPULATIVE OR DECEPTIVE DEVICE IN CONNECTION WITH SALE OF UNREGISTERED SECURITIES , THAT BROKER PARTICI - PATED IN AND DEVISED SCHEME TO EVADE REGULATION RE - QUIREMENTS THROUGH IMPROPER TRANSFER OF REGULATION S - STOCK FROM FOREIGN ENTITIES .

45. SECURITIES FRAUD CLAIM AGAINST BROKER WHICH ACTED AS CLEARING BROKER FOR SALE OF UNREGISTERED STOCK FOR USE OF MANIPULATIVE OR DECEPTIVE DEVICE , FACTS GIVING RISE TO STRONG INFERENCE THAT DEFENDANT ACTED WITH REQUISITE SCIENTER .

46. THAT DEFENDANT PARTICIPATED IN ORCHESTRATING CORPORATION'S ISSUANCE OF UNREGISTERED STOCK TO FOREIGN ENTITIES FOR ULTIMATE SALE IN UNITED STATES AS REGULATION S - STOCK , DEFENDANT , ALONG WITH 13 OTHER IDENTIFIED PERSONS AND ENTITIES , DEVISED SCHEME TO EVADE REGISTRATION REQUIREMENTS , AND DEFENDANT RECEIVED PORTION OF PROCEEDS FROM SALE OF UNREGISTERED STOCK ; DESCRIBE CONNECTION BETWEEN INVESTMENT BANKING SERVICES AND CORPORATION'S ALLEGEDLY ILLEGAL ISSUANCE OF STOCK .

47. THAT BROKERS ENGAGED IN MATCHED AND / OR WASH TRANS - ACTIONS IN ORDER TO ARTIFICIALLY INFLATE PRICE AND TRADING VOLUME OF CORPORATION'S STOCK TO MAKE IT MORE APPEALING TO INVESTORS SO THAT BROKERS COULD SELL STOCK AT PROFIT .

48. THAT BROKER WAS SELLING IN EXCESS OF ONE MILLION SHARES OF CORPORATION AT SAME TIME ANOTHER BROKER , WHICH WAS ALSO ALLEGED TO BE INVOLVED IN SCHEME TO ARTIFICIALLY IN - FLATE PRICE AND VOLUME OF STOCK , WAS ACQUIRING IN EXCESS OF ONE MILLION SHARES BOUGHT BY SECOND BROKER , IDENTIFY SPECIFIC SECURITIES INVOLVED IN TRANSACTIONS .

49. INVESTORS ALLEGED THAT HE WAS A CONTROLLING PERSON BECAUSE, AS A DIRECTOR, HE HAD, AND EXERCISED, THE POWER TO INFLUENCE AND CONTROL THE CORPORATION .

50. THAT INDIVIDUALS THEY SUPERVISED VIOLATED PROVISIONS BARRING MISREPRESENTATIONS AND OMISSIONS IN REGISTRATION STATEMENTS AND IN CONNECTION WITH SALES OF SECURITIES BY MEANS OF PROSPECTUS .

51. THAT THE DEFENDANT AT LEAST HAD POWER TO CONTROL THE CONTROLLED PERSON IN THE SPECIFIC TRANSACTION THAT IS ALLEGED AS A VIOLATION : THAT THE DEFENDANT ACTUALLY EXERCISED CONTROL OVER THE OPERATIONS OF THE CONTROLLED PERSON .

52. CONTROL EITHER THROUGH OWNERSHIP OF SIGNIFICANT SHARES , OR THEIR LEADERSHIP POSITION IN THE CORPORATION , OR BOTH , THAT THE OFFICERS CONTRIBUTED TO THE PREPARATION OF THE ALLEGEDLY FRAUDULENT MATERIALS CONTAINED IN THE OFFERING DOCUMENTS .

53. THAT CORPORATION MADE MATERIALLY FALSE AND MISLEADING STATEMENTS IN SECURITIES AND EXCHANGE COMMISSION ( SEC) FILINGS AND THAT FORMER EXECUTIVE VICE PRESIDENT WAS MEMBER OF CORPORATION'S SENIOR MANAGEMENT WITH ACCESS TO AND CONTROL OVER FINANCIAL INFORMATION AND PARTICIPATED IN UNDERLYING WRONGFUL CONDUCT .

54. THAT A PRIMARY VIOLATION OF THE SECURITIES LAWS OCCURRED , AND THE DEFENDANT CONTROLLED THE PERSON OR ENTITY COMMITTING THE PRIMARY VIOLATION .

55. THAT CO-FOUNDER ALTERNATED AS CHIEF EXECUTIVE OFFICER AND CHAIRMAN UNTIL HE BECAME CHAIRMAN FULL-TIME, SERVED AS CHAIRMAN UNTIL ONE MONTH BEFORE THE OFFERING , WAS A MEMBER OF THE BOARD OF DIRECTORS AT ALL RELEVANT TIMES , SIGNED THE REGISTRATION STATEMENT : HELD SOME 26.5 PER CENT OF OUTSTANDING SHARES OF COMPANY STOCK IMMEDIATELY PRIOR TO THE OFFERING : AND SOLD 650,000 SHARES IN THE OFFERING .

56. INVESTORS IDENTIFIED A NUMBER OF COMPUTER INDUSTRY TRADE PUBLICATIONS THAT PROMINENTLY NOTED, WELL BEFORE THE OFFERING AND THE POST-OFFERING STATEMENTS , THAT THE GRAPHICS CARDS WERE RAPIDLY BECOMING OBSOLETE .

57. THE CONDUCT OCCURRING IN THE UNITED STATES DIRECTLY CAUSES THE PLAINTIFF'S LOSS : IN THAT THE CONDUCT FORM A SUBSTANTIAL PART OF THE ALLEGED FRAUD : AND IS MATERIAL TO ITS SUCCESS .

58. CONDUCT OUTSIDE UNITED STATES HAS HAD SUBSTANTIAL ADVERSE EFFECT ON AMERICAN INVESTOR OR SECURITIES MARKET .

59. FACTS FROM WHICH CONTROL STATUS COULD BE INFERRED, SUCH AS AGREEMENT BETWEEN LAWYER AND CORPORATION GIVING LAWYER POWER TO CONTROL CORPORATION OR AID GIVEN BY LAWYER TO CORPORATION IN PERFORMING SOME CULPABLE CONDUCT

60. THAT THE CONTROLLED ENTITY COMMITED A PRIMARY SECURITIES FRAUD VIOLATION, THE DEFENDANT CONTROLLED THE ENTITY THAT COMMITTED THE PRIMARY VIOLATION, AND THE DEFENDANT CONTROL PERSON WAS A CULPABLE PARTICIPANT IN THE FRAUD BEING PERPETUATED BY THE CONTROLLED ENTITY.

61. THAT THE DEFENDANT POSSESSED THE POWER TO DIRECT OR CAUSE THE DIRECTION OF THE MANAGEMENT AND POLICIES OF THE PRIMARY VIOLATOR.

62. THAT DEFENDANT KNOWINGLY OR RECKLESSLY PARTICIPATED IN AND FURTHERED A MARKET MANIPULATION BY EFFECTING "WASH SALES" AND "MATCHED ORDERS" AND THAT HE INTENTIONALLY ENGAGED IN MANIPULATIVE CONDUCT.

63. THAT PLAINTIFFS PURCHASED THEIR SECURITIES AFTER MANIPULATIVE CONDUCT OF BROKER AND THAT SUCH CONDUCT ARTIFICIALLY INFLATED PRICE OF SECURITIES, AND ECONOMIC HARM TO PLAINTIFFS FROM ULTIMATE COLLAPSE OF PRICE OF SECURITIES WAS FORESEEABLE CONSEQUENCE OF BROKERS CONDUCT.

64. THE MISREPRESENTATION OR CONCEALMENT OF A MATERIAL FACT: AN INTENT BY DEFENDANT THAT PLAINTIFF RELY ON THE MISREPRESENTATION OR CONCEALMENT: AND THE DECEPTION OCCURRED IN THE CONDUCT OF TRADE OR COMMERCE.

(b) THAT DEFENDANT TOOK POSITIVE STEPS AFTER COMMISSION OF FRAUD TO KEEP IT CONCEALED.

65. THAT BROKER HAD DAILY CONTACT WITH MANAGING DIRECTOR OF MARKET MAKER, INTIMATE KNOWLEDGE OF MARKET FOR SECURITIES AT ISSUE, AND INFORMATION FROM DAILY ANALYSIS OF ACCOUNTS THROUGH WHICH SHAM TRANSACTIONS WERE EXECUTED, THAT BROKER WARNED MARKET MAKER TO STOP ILLEGAL, PARKING OF HIS SECURITIES, AND THAT BROKER WAS MOTIVATED TO DECREASE ITS OWN RISK AND ELIMINATE DEBT OWED TO IT BY MARKET MAKER.

7

66. THAT DEFENDANT HAD AN AFFIRMATIVE DUTY TO DISCLOSE THE DISPUTED INFORMATION .

67. ALLEGATIONS THAT BANKS PARTICIPATING IN MERGER FALSELY CHARACTERIZED THE MERGER AS A " MERGER OF EQUALS " IN THE REGISTRATION STATEMENT AND PROSPECTUS FILED WITH THE SECURITIES AND EXCHANGE COMMISSION ( SEC ), WHEN BANKS NEVER INTENDED SUCH EQUALITY .

68. THAT COMPLAINT SET FORTH IDENTITY OF PARTY MAKING FALSE STATEMENTS , THAT IS , WHICH STATEMENTS WERE ALLEGEDLY MADE BY WHOM .

69. INVESTORS ALLEGED THAT OFFICERS AND DIRECTORS HAD FINANCIAL INTEREST IN SOLICITING SALES , THAT THEY DID SO , AND THAT THEY SIGNED REGISTRATION STATEMENT -

70. THAT DEFENDANT OBTAINED INFORMATION THAT WAS MATERIAL AND NONPUBLIC , THAT HE USED THIS INFORMATION TO TRADE SECURITIES , AND THAT HE BREACHED DUTY OWED TO SOURCE OF INFORMATION .

71. STOCK PURCHASERS ALLEGATIONS THAT THEIR SHARES IN CORPORATION WERE EITHER ISSUED PURSUANT TO REGISTRATION STATEMENT IN INITIAL PUBLIC OFFERING OR TRACEABLE TO SUCH STATEMENT .

72. INVESTORS ALLEGATIONS REGARDING COMPANY'S NONDISCLOSURE OF INABILITY TO OBTAIN MEMORY SUPPLIES AT THE TIME OF ITS INITIAL PUBLIC OFFERING WOULD BE ACCEPTED AS TRUE BECAUSE THEY RELATED TO A SPECIFIC , VARIABLE FACT THAT WAS ENTITLED TO THE BENEFIT OF DISMISSAL STANDARD , RATHER THAN A MATTER OF JUDGEMENT OR PROJECTION THAT TRIGGERED THE HEIGHTENED SHAW ANALYSIS .

73. THAT PLAINTIFF HERSELF WAS AFFECTED , STATING FACT , THAT COMMON REPRESENTATION IN SEPARATE ACTIONS WAS ADVERSE BY GOVERNMENT DEFENDANT -

74. ATTORNEY KNOWINGLY OR WILLFULLY REPRESENTED PARTY ADVERSE TO FORMER CLIENT IN MATTER SUBSTANTIALLY RELATED TO PRIOR REPRESENTATION ABSENT WRITTEN CONSENT IN VIOLATION OF CALIFORNIA LAW

76. THAT IT ONCE HAD ATTORNEY-CLIENT RELATIONSHIP WITH OPPOSING LAWYER AND THAT SUBJECT MATTER OF TWO TRANSACTIONS IS SUBSTANTIALLY RELATED .

77. THAT IT ONCE ENJOYED AN ATTORNEY-CLIENT RELATIONSHIP WITH COUNSEL : THAT MATTERS EMBRACED WITHIN PENDING SUIT ARE SUBSTANTIALLY RELATED TO MATTERS OR CAUSE OF ACTION WHEREIN COUNSEL PREVIOUSLY REPRESENTED OPPOSING PARTY .

78. THAT CURRENT REPRESENTATIONS INVOLVES A MATTER SUBSTANTIALLY RELATED TO FORMER REPRESENTATIONS .

79. EXISTENCE OF PAST ATTORNEY-CLIENT RELATIONSHIP BETWEEN MOVANT AND ATTORNEY SOUGHT TO BE DISQUALIFIED : THAT INTEREST OF ATTORNEY'S CURRENT CLIENT ARE MATERIALLY ADVERSE TO THOSE OF MOVANT : AND THAT CURRENT REPRESENTATION INVOLVES THE SAME OR A MATTER SUBSTANTIALLY RELATED TO FORMER REPRESENTATION .

80. THAT RELATIONSHIP BETWEEN ISSUES IN PRIOR AND PRESENT CASES IS "PATENTLY CLEAR" OR WHEN ISSUES INVOLVED ARE IDENTICAL OR ESSENTIALLY THE SAME .

81. MOVING PARTY IS A FORMER CLIENT OF ADVERSE PARTY'S COUNSEL : THERE IS A SUBSTANTIAL RELATIONSHIP BETWEEN SUBJECT MATTER OF COUNSEL'S PRIOR REPRESENTATION OF MOVING PARTY AND ISSUES IN PRESENT LAWSUIT : AND ATTORNEY WHOSE DISQUALIFICATION IS SOUGHT HAD ACCESS TO OR WAS LIKELY TO HAVE ACCESS TO, RELEVANT PRIVILEGED INFORMATION IN COURSE OF HIS PRIOR REPRESENTATION OF CLIENT .

82. DISQUALIFICATION TO BE APPROPRIATE THROUGH SPECIFIC DELINEATION OF SUBJECT MATTERS , ISSUES, AND CAUSES OF ACTION COMMON TO BOTH REPRESENTATIONS .

83. SUBSTANTIAL RELATIONSHIP BETWEEN NATURE OF PRIOR AND CURRENT REPRESENTATIONS .

84. THAT DUTY OF LOYALTY EMBRACES SANCTITY OF ALL INFORMATION OBTAINED IN COURSE OF REPRESENTATION, EVEN IF THAT INFORMATION IS NOT CONSCIOUSLY AND INTENTIONALLY COMMUNICATED TO ATTORNEY

85. SUBSTANTIAL RELATIONSHIP BETWEEN OPPOSING PARTY'S ATTORNEY'S PRIOR REPRESENTATIONS OF SISTER CORPORATION AND CURRENT LITIGATION

# DESCRIPTION OF PRIOR REPRESENTATION

86. AN UNKNOWN CLAIM WAS "USED"          , VIOLATING DUE PROCESS AS BOTH "SENTENCING AND PLEA" WERE MADE SAME DAY

87. ON AUGUST 27, 1987, ROOM 446, CITY HALL, PHILADELPHIA, PLAINTIFF WAS BROUGHT FORTH BY COMMENCEMENT OF AN PROCEEDING OF WHICH HE HAD NO KNOWLEDGE OR NOTICE VIOLATING DUE PROCESS ABSENT WRITTEN CONSENT .

88. PLAINTIFF WAS NOT SERVED WITH ADEQUATE NOTICE OF CONDUCT AND WAS THEREFORE WITHOUT OPPORTUNITY TO DEFEND HIMSELF AGAINST   SUCH VIOLATING DUE PROCESS RESULTING IN 12-46 YEARS .

89. UPON COMMENCEMENT OF PROCEEDING PRIOR REPRESENTATION INVOLVED AFFIRMATIVE STATEMENT MADE MISLEADING BY ORAL COMMUNICATION TO HIS REASONABLE RELIANCE CONCEALING MATERIAL INFORMATION FROM PLAINTIFF .

90. NEXT,   THERE WERE A SERIES OF ALLEGED TERM TRANSACTION STATED BY JUDGE, THEODORE A. McKEE, MATTER OF WHICH HAD NOT BEEN ENTERED TO THE RECORD OF WHICH PLAINTIFF WAS WITH- OUT OPPORTUNITY TO KNOW TIED TO ALLEGED STATEMENT RESULTING IN AFFIRMATIVE ACT OF CONCEALMENT .

91. PRIOR REPRESENTATION " IF ANY " WERE SUPPOSE TO RELATE TO MATTER OF AN JANUARY 19, 1985, CIRCUMSTANCE WHICH APPEARED TO NO LONGER EXIST, OF WHICH, DID NOT PROCEED UNTIL A PERIOD OF 31 MONTHS THEREAFTER DENYING HIM DUE PROCESS, DENYING HIM THE RIGHT TO PROCEED BY LEGALLY FAIR CONSTITUTED COURT, AND DEPRIVED OF RIGHT OF FUNDAMENTALLY FAIR TRIAL AT LAW EXCEEDING STATUTE OF LIMITATIONS IN STATUTORY WRONG .

92. PRIOR REPRESENTATION RESULTED IN SUBSTANTIAL AND UNLAWFUL ARBITRARY - WRONGFUL GOVERNMENT CONDUCT BY PRIMARY VIOLATION

93. IN VIOLATION OF 4TH AMENDMENT, WARRANTLESS AND UNLAWFUL ARREST RESULTS IN UNLAWFUL DETENTION AND IMPRISONMENT, THAT THERE WAS NO PROBABLE CAUSE TO ARREST HIM .

94. UNREASONABLE SEARCH AND SEIZURE WITHOUT A WARRANT AND WITHOUT PROBABLE CAUSE DEPRIVED HIM OF FULL AND FAIR HEARING ON MERITS OF 4TH AMENDMENT .

95. UNLAWFULLY OBTAINED EVIDENCE WAS USED TO OBTAIN JUDGEMENT ILLEGAL OF WHICH THE ALLEGED STATEMENT WAS MADE IN VIOLATION OF EXCLUSIONARY RULE .

10

96. DEPRIVED OF HAVING AND EXERCISING ANY RIGHT OR PRIVILEGE OF A CITIZEN OF UNITED STATES, PERSON WAS DEPRIVED OF EQUAL PROTECTION, OR PRIVILEGE, AND IMMUNITIES UNDER THE LAWS OF FEDERAL CONSTITUTION OR UNITED STATES.

97. FOREIGN SHAREHOLDER'S ALLEGATIONS THAT IT WAS INJURED BY ITS LOSS OF $ 38 MILLION INVESTMENTS IN SATELLITE COMMUNICATIONS COMPANY, THAT INJURY WAS CAUSED BY VIRTUE OF SHAREHOLDER'S RELIANCE ON FRAUDULENT MISREPRESENTATIONS AND OMISSIONS OF DEFENDANTS, AND THAT DISTRICT COURT COULD HAVE AWARDED DAMAGES THAT WOULD SERVE TO REDRESS THAT INJURY WERE SUFFICIENT TO SATISFY MINIMUM CONSTITUTIONAL STANDING REQUIREMENT.

98. THAT PURCHASERS LOSSES WERE DIRECTLY CAUSED BY DEFENDANTS ACTS IN UNITED STATES.

99. ALLEGATIONS OF FOREIGN SHAREHOLDER THAT DEFENDANTS CONCEIVED AND PLANNED SCHEME TO DEFRAUD SHAREHOLDER IN UNITED STATES, THAT DEFENDANTS PREPARED MATERIALS IN SUPPORT OF SCHEME TO SOLICIT PAYMENT IN UNITED STATES AND SENT THOSE MATERIALS FROM UNITED STATES VIA UNITED STATES MAIL, AND THAT DEFENDANTS RECEIVED IN THE UNITED STATES THE FRAUDULENTLY SOLICITED PAYMENT FOR SECURITIES

100. FOREIGN CORPORATION MADE PRIMA FACIE SHOWING OF SUBJECT MATTER JURISDICTION OVER CORPORATION'S SECURITIES FRAUD CLAIM AGAINST FOREIGN DEFENDANTS, BECAUSE THESE DEFENDANTS ENGAGED IN SIGNIFICANT CONDUCT IN UNITED STATES WHICH, AT A MINIMUM, DIRECTLY FACILITATED ALLEGED FRAUD BY OTHER DEFENDANTS THAT RESIDED OR OPERATED IN UNITED STATES, SUCH CONDUCT WAS OF MATERIAL IMPORTANCE TO ALLEGED FRAUDULENT SCHEME AND HAD SUBSTANTIAL EFFECT ON INTERSTATE COMMERCE.

101. THAT NO REGISTRATION STATEMENT WAS IN EFFECT AS TO THE SECURITIES : THAT DEFENDANT SOLD OR OFFERED TO SELL THESE SECURITIES : THAT THERE WAS A USE OF INTERSTATE TRANSPORTATION, OR COMMUNICATION, OR OF THE MAILS IN CONNECTION WITH SALE OR OFFER OF SALE.

102. THAT ISSUER SOLD SECURITIES AT ISSUE TO MORE THAN 100 UNITED STATES RESIDENTS.

103. THAT DEFENSE COUNSEL VIOLATED RULE OF PROFESSIONAL CONDUCT PROHIBITING THE INDUCING OF A WITNESS BY PROVIDING FREE LEGAL SERVICE TO WITNESS IN CONNECTION WITH EQUAL EMPLOYMENT OPPORTUNITY COMMISSION ( EEOC ) CLAIM FILED BY WITNESS [PARTY] NICHOLAS PANNARELLA JR.

104. THAT ISSUER'S MANAGEMENT ENGAGED IN AN ONGOING FRAUD   TO CONCEAL FROM THE PUBLIC THE COMPANY'S TRUE FINANCIAL CONDITION.

105. THAT INVESTING CORPORATION OR ITS OWNER SOLICITED   SHAREHOLDER'S PURCHASE OF STOCK.

106. THAT 'BUT FOR' THE PARTICIPATION OF THE UNDERWRITERS THE FRAUDULENT STOCK OFFERING COULD NOT HAVE BEEN ACCOMPLISHED WHERE HAD EXERCISE AND CONTROL OVER THE CORPORATION BY THE UNDERWRITERS.

107. THAT DEFENDANT PERSON RECEIVED INCOME DERIVED FROM A PATTERN OF RACKETEERING ACTIVITY AND INVESTED THE RACKETEERING INCOME OR ITS PROCEEDS IN THE ACQUISITION OF AN INTEREST IN OR THE ESTABLISHMENT OR OPERATION OF ANY ENTERPRISE ENGAGED IN OR THE ACTIVITIES OF WHICH AFFECT INTERSTATE OR FOREIGN COMMERCE.

108. THAT PLAINTIFFS COULD NOT HAVE DISCOVERED THAT THE STATEMENTS WERE FALSE UNTIL FIVE MONTHS PRIOR TO THE BRINGING OF THE ACTION WHEN NEW MANAGEMENT ASSUMED CONTROL OF THE CORPORATION AND BEGAN TO REVIEW THE COMPANY'S TRUE FINANCIAL CONDITION.

109. THAT THESE INDIVIDUALS HAD DIRECT INVOLVEMENT IN THE DAY-TO-DAY AFFAIRS OF THE CORPORATION OR THAT THEY WERE INVOLVED IN PREPARING OR COMMUNICATING GROUP INFORMATION AT PARTICULAR TIMES.

110. THAT THE DEFENDANT PREPARED FALSE FINANCIAL STATEMENTS, AND THAT THE ALLEGED FINANCIAL FRAUD WAS MATERIAL.

111. THAT AN INDIVIDUAL DEFENDANT SIGNED A PUBLICATION CONTAINING MISSTATEMENTS.

112. THAT EACH INDIVIDUAL WAS SENIOR OFFICER AND/OR DIRECTOR OF COMPANY, CONTROLLED CONTENTS OF COMPANY'S QUARTERLY AND ANNUAL REPORTS, PRESS RELEASE AND PRESENTATIONS TO SECURITIES ANALYSTS, AND PARTICIPATED IN PREPARATION, REVIEW AND/OR FILING REPORTS AND SEC FILINGS ALLEGED TO BE FALSE.

113. THAT DEFENDANTS HAD BOTH MOTIVE AND OPPORTUNITY TO COMMIT FRAUD OR FACTS THAT CONSTITUTE STRONG CIRCUMSTANTIAL EVIDENCE OF CONSCIOUS MISBEHAVIOR OR RECKLESSNESS.

114. THAT THE NET INCOME, INVENTORY FIGURES, AND PER STORE SALES FIGURES WERE MATERIALLY INFLATED .

115. THAT INSIDER TRADER ACTED WITH SCIENTER .

116. THAT DEFENDANT INTENDED TO DECEIVE, MANIPULATE, OR DEFRAUD .

117. THAT COMPANY NORMALLY EXPECTED TO SEE SUCH DOCUMENTS FROM ITS SUBSIDIARIES CONSTITUTED RECKLESSNESS. PARTICIPATION IN STOCK MANIPULATION .

118. THAT DEFENDANT MADE MISSTATEMENT OR OMISSION : OF MATERIAL FACT : WITH SCIENTER : IN CONNECTION WITH PURCHASE OR SALE OF SECURITIES : UPON WHICH PLAINTIFF RELIED : AND, THAT RELIANCE PROXIMATELY CAUSED PLAINTIFF'S INJURIES .

119. THAT THE DEFENDANT HAD THE POWER TO CONTROL THE GENERAL AFFAIRS OF THE PRIMARY VIOLATOR AND : THAT THE DEFENDANT HAD THE POWER TO CONTROL SPECIFIC CORPORATE POLICY THAT RESULTED IN PRIMARY VIOLATION .

120. THAT THE ALLEGED CONTROL PERSON : ACTUALLY PARTICIPATED IN THE OPERATIONS OF THE PRIMARY DEFENDANT IN GENERAL AND : POSSESSED THE POWER TO CONTROL THE SPECIFIC TRANSACTION OR ACTIVITY THAT CONSTITUTES THE PRIMARY VIOLATION .

121. THAT DEFENDANT BROUGHT PLAINTIFFS TO CORPORATION , THAT DEFENDANT DIVERTED THE CORPORATION'S FUNDS TO ANOTHER COMPANY OR TO HIMSELF AND THAT HE INVESTED THESE FUNDS IN FAILED BUSINESS TO PROVIDE AIRLINE SERVICE .

122. THAT INDIVIDUAL DEFENDANT SOUGHT TO BE CHARGED AS A CONTROLLING PERSON : HAD POWER TO CONTROL ACTIONS OF PRIMARY VIOLATOR AND : WAS A CULPABLE PARTICIPANT IN ALLEGED ILLEGAL ACTIVITY .

123. NOT ONLY THAT ONE PERSON CONTROLLED ANOTHER PERSON , BUT ALSO, THAT THE CONTROLLED PERSON IS LIABLE UNDER THE ACT .

124. PRIMARY VIOLATION OF THE SECURITIES LAWS, AND CONTROL OVER THE PRIMARY VIOLATOR BY THE ALLEGED CONTROLLING PERSON .

125. THAT DEFENDANT HAD THE POWER TO INFLUENCE AND DIRECT THE ACTIVITIES OF THE PRIMARY VIOLATOR .

126. A PRIMARY VIOLATION BY THE CONTROLLED PERSON : CONTROL OF THE PRIMARY VIOLATOR BY THE TARGETED DEFENDANT AND : THAT THE CONTROLLING PERSON WAS IN SOME MEANINGFUL SENSE A CULPABLE PARTICIPANT IN THE FRAUD PERPETRATED BY THE CONTROLLED PERSON.

127. THAT THE DEFENDANT HAD ACTUAL POWER OR INFLUENCE OVER THE ALLEGED CONTROLLED PERSON .

128. A PRIMARY VIOLATION OF FEDERAL SECURITIES LAWS AND CIRCUMSTANCES ESTABLISHING CONTROL OF A PRIMARY VIOLATOR OF THOSE LAWS.

129. THAT AUDITOR'S CONDUCT WAS HIGHLY UNREASONABLE INVOLVING NOT MERELY, SIMPLE, OR EVEN INEXCUSABLE NEGLECT, BUT AN EXTREME DE-PARTURE FROM STANDARDS OF ORDINARY CARE, AND WHICH PRESENTED DANGER OF MISLEADING BUYERS OR SELLERS THAT WAS EITHER KNOWN TO DEFENDANT OR SO OBVIOUS THAT ACTOR MUST HAVE BEEN AWARE OF IT .

130. THAT BROKER EXECUTED BUY AND SELL ORDERS FOR PURPOSE OF MANIPULATING PRICE OF STOCK IN QUESTION, CONDUCT GIVING RISE TO STRONG INFERENCE OF FRAUDULENT INTENT .

131. THAT THE DEFENDANT, IN EFFECTUATING AN ALLEGEDLY FRAUDULENT SALE, ACTED WITH SCIENTER, AND THE SCIENTER NEEDED IN CONNECTION WITH SECURITIES FRAUD IS INTENT TO DECEIVE, MANIPULATE, OR DEFRAUD, OR KNOWING MISCONDUCT .

132. THAT DIRECTOR KNEW OR SUSPECTED THAT HER NUMBERS WERE FALSE OR MISLEADING

133. THAT DEFENDANT KNOWINGLY OR RECKLESSLY COMMITTED FRAUD .

134. THAT MISREPRESENTATION WAS MADE WITH SCIENTER : PROOF THAT DECEPTION WAS KNOWING, INTENTIONAL, OR RECKLESS; UNTRUE STATEMENT WAS MADE WITH RECKLESS DISREGARD FOR ITS TRUTH OR FALSITY .

135. DEFENDANTS' ACTED WITH SCIENTER IN CONNECTION WITH SECURITIES FRAUD WHEN CORPORATION'S INDEPENDENT AUDITOR AND ACCOUNTANTS WARNED OFFICERS THEY WERE OVERVALUING CORPORATION'S STOCK ISSUED IN EXCHANGE FOR ACQUISITIONS, OFFICERS ENGAGED IN HIGH LEVEL OF TRADING OF CORPORATE STOCK DURING TIME STATEMENTS WERE MADE, AND OFFICER INVOKED THEIR FIFTH AMENDMENT RIGHT TO AVOID TESTIFYING.

136. THAT AUDITOR VIOLATED GENERALLY ACCEPTANCE ACCOUNTING STANDARDS BY NOT REACHING SUFFICIENT UNDERSTANDING OF ACCOUNTING PRACTICES OF RESELLER AND CONFIRMING ACCOUNTANTS RECEIVABLE, AND THAT AUDITOR MUST HAVE BECOME AWARE OF SERIOUS ACCOUNTING PROBLEMS IN COURSE OF PREPARING REPORT ON SUBJECT FOR MANAGEMENT OF RESELLER .

137. THAT ACCOUNTING PRACTICES WERE SO DEFICIENT THAT ACCOUNTANTS AUDIT AMOUNTED TO NO AUDIT AT ALL, OR AN EGREGIOUS REFUSAL TO SEE THE OBVIOUS, OR TO INVESTIGATE THE DOUBTFUL, OR THAT THE ACCOUNTING JUDGEMENTS WHICH WERE MADE WERE SUCH THAT NO REASONABLE ACCOUNTANT WOULD HAVE MADE THE SAME DECISION IF CONFRONTED WITH THE SAME FACTS.

138. THAT ACCOUNTANTS DID NOT REASONABLY ESTIMATE RETURNS TO BE EXPECTED FROM $3 MILLION ORDER FROM SINGLE BUYER, AND THAT THERE WAS NO ANALYSIS OF WHETHER BUYER HAD ECONOMIC SUBSTANCE SEPARATE FROM THAT OF SELLER.

139. THAT ACCOUNTANTS DID NOT ADEQUATELY INVESTIGATE RELATIONSHIP BETWEEN SELLER BEING AUDITED AND BUYER THAT ALLEGEDLY ORDERED $3 MILLION OF SELLER'S PRODUCT AND SUBSEQUENTLY RETURNED PRODUCT.

140. THAT ACCOUNTANT VIOLATED GENERALLY ACCEPTED ACCOUNTING PRINCIPLES IN PREPARING FINANCIAL STATEMENTS INFLATING EARNINGS AND DEFLATING EXPENSES, WHILE THEY WERE CLOSELY INVOLVED WITH EVERYDAY OPERATIONS AND MANAGEMENT OF CORPORATION AND HAD UNRESTRICTED ACCESS TO FINANCIAL DATA.

141. THAT DEFENDANT COMPANY WHICH PROVIDES WIRELESS CABLE TELEVISION SYSTEMS, MADE MISLEADING STATEMENTS IN PRESS RELEASE REGARDING WRITEDOWNS OF COMPANY'S SUBSCRIBER BASE AND RELATED ACCOUNTS RECEIVABLE.

142. THAT DEFENDANTS MADE MATERIALLY MISLEADING STATEMENTS AND OMISSIONS WHICH CAUSED PRICE OF STOCK PURCHASED BY PLAINTIFFS TO BE HIGHER THAN ITS TRUE VALUE AND THAT THEY PAID MORE FOR THE STOCK THAN IT WAS WORTH.

143. THAT THE VIOLATIONS IN QUESTION CAUSED THE PLAINTIFF TO ENGAGE IN TRANSACTION, AND LOSS CAUSATION, THAT THE MISREPRESENTATIONS CAUSED THE HARM.

144. THAT IT WAS SUBSTANTIAL, OR SIGNIFICANT, CONTRIBUTING CAUSE.

145. THAT MISREPRESENTATION TOUCHES UPON REASON FOR INVESTMENT'S DECLINE IN VALUE, THAT IS, THAT FRAUD CAUSED, OR AT LEAST HAD SOMETHING TO DO WITH, DECLINE IN VALUE OF INVESTMENT AFTER SECURITIES TRANSACTION TOOK PLACE.

146. THAT IT WOULD NOT HAVE 'INVESTED' IN INSTRUMENT IF DEFENDANT HAD STATED TRUTHFULLY MATERIAL FACTS AT TIME OF SALE.

15

147. THAT IT WAS VERY FACTS ABOUT WHICH DEFENDANT LIED WHICH CAUSED ITS INJURIES.

148. THAT IT WAS IN FACT INJURED BY MISSTATEMENT OR OMISSION OF WHICH IT COMPLAINS.

149. THAT THE DEFENDANT'S MISREPRESENTATION INDUCED PLAINTIFF TO MAKE THE INVESTMENT.

150. THAT HAD THEY KNOWN THE TRUTH, THEY WOULD NOT HAVE INVESTED, AND THAT THE UNTRUTH WAS IN SOME REASONABLY DIRECT WAY RESPONSIBLE FOR THEIR LOSS.

151. THAT THE DEFENDANTS MISREPRESENTATIONS OR OMISSIONS INDUCED THE PLAINTIFFS TO MAKE THE INVESTMENT IN QUESTION.

152. THAT THEY WOULD NOT HAVE INVESTED HAD THEY KNOWN THE TRUTH, AND THAT THE UNTRUTH IN QUESTION WAS IN SOME REASONABLE DIRECT WAY RESPONSIBLE FOR THE LOSS.

153. "LOSS CAUSATION" THAT IT WAS IN FACT INJURED BY THE MISSTATEMENT OR OMISSION OF WHICH IT COMPLAINS.

154. THAT BUT FOR THE CIRCUMSTANCES THAT THE FRAUD CONCEALED, THE INVESTMENT WOULD NOT HAVE LOSS ITS VALUE.

155. "TRANSACTION CAUSATION" THAT STOCK WOULD NOT HAVE BEEN PURCHASED OR HELD, BUT FOR MISREPRESENTATION, AND "LOSS CAUSATION" THAT MISREPRESENTATIONS DIRECTLY OR PROXIMATELY CAUSE ECONOMIC LOSSES INCURRED.

156. THAT THE FRAUD CAUSED DECLINE IN VALUE, THAT THE MISSTATEMENT WAS THE DIRECT OR PROXIMATE CAUSE OF THE INJURY.

157. THAT THE DEFENDANTS' MISSTATEMENTS OR OMISSIONS WERE THE REASON THE TRANSACTION TURNED OUT TO BE A LOSING ONE.

158. THAT DEFENDANT'S MISREPRESENTATIONS CAUSED PLAINTIFF TO ENGAGE IN TRANSACTION, WHICH IS, TRANSACTION CAUSATION, AND THAT DEFENDANT'S MISREPRESENTATION CAUSED PLAINTIFFS ALLEGED ECONOMIC LOSS, WHICH IS LOSS CAUSATION.

159. THAT THEIR LOSS WAS CAUSED BY FINANCIAL PROBLEMS CONCEALED BY DEFENDANTS MISLEADING STATEMENTS.

16

160. THAT DEFENDANT'S MISREPRESENTATIONS NOT ONLY CAUSED PLAINTIFF TO ENGAGE IN TRANSACTION BUT ALSO THAT THEY CAUSED HARM SUFFERED.

161. THAT IT WOULD NOT HAVE MADE INVESTMENT BUT FOR DEFENDANT'S FRAUD BUT ALSO THAT FRAUD CAUSED PLAINTIFFS LOSS ON INVESTMENT.

162. NOT ONLY THAT THEY WOULD NOT HAVE PURCHASED CORPORATION'S NOTES BUT FOR SUCH MISREPRESENTATIONS ( TRANSACTION CAUSATION ) BUT ALSO THAT CORPORATION WOULD NOT HAVE DEFAULTED ON ITS OBLIGATIONS ON NOTES IF ITS FINANCIAL CONDITION HAD BEEN AS REPRESENTED ( LOSS CAUSATION ).

163. THAT PROPERTY CONSTITUTED OR WAS DERIVED FROM PROCEEDS TRACEABLE TO VIOLATION OF STATUTE PROHIBITING MAKING OF FALSE STATEMENTS TO INFLUENCE LENDING INSTITUTION : THAT PROPERTY WAS INVOLVED IN TRANSACTION OR ATTEMPTED TRANSACTION IN VIOLATION OF REPORTING REQUIREMENT AND ILLEGAL STRUCTURING PROHIBITION.

164. THAT DEFENDANT DID KNOWINGLY AND WILLFULLY FALSIFY, CONCEAL, AND COVER UP BY SCHEME MATERIAL FACTS ABOUT AND RELATED TO THE NATURE OF HIS RELATIONSHIPS WITH FINANCIAL INSTITUTIONS AND NOMINEE PURCHASER OF LAND, AND THAT HE MADE MATERIALLY FALSE AND FRAUDULENT STATEMENTS AND REPRESENTATIONS TO THE FEDERAL DEPOSIT INSURANCE CORPORATION, AND THE RESOLUTION TRUST COR - PORATION ABOUT THESE RELATIONSHIPS.

165. THAT MISREPRESENTATION INDUCED IT TO ENTER INTO TRANSACTION AND THAT MISREPRESENTATION WAS CAUSE OF ACTUAL LOSS SUFFERED.

166. THAT HE JUSTIFIABLY RELIED ON COMPANY'S STATEMENT IN PURCHASING OR SELLING SECURITIES, AND THAT FALSE OR MISLEADING STATEMENT WAS PROXIMATE CAUSE OF DAMAGES SUSTAINED.

167. THAT CORPORATION MADE FALSE STATEMENTS REGARDING ITS CURRENT AND FUTURE BUSINESS PROSPECTS, AND THAT CORPORATION KNEW THAT STATE - MENT WERE FALSE WHEN MADE.

168. THAT CORPORATION ENGAGED IN IMPROPER REVENUE RECOGNITION, THROUGH OVERSHIPMENTS AND MISSHIPMENTS TO CUSTOMERS PURSUANT TO SINGLE SPECIFIC TRANSACTION.

169. THAT STATEMENTS WHICH CORPORATION MADE TO SECURITIES ANALYSTS, WHO WERE EMPLOYED BY UNDERWRITERS OF CORPORATION'S PROPOSED PUBLIC STOCK OFFERING, WERE FALSE

17

170. THAT STOCK ANALYSTS EMPLOYED BY UNDERWRITERS OF PROPOSED PUBLIC STOCK OFFERING HAD KNOWLEDGE THAT STATEMENTS MADE BY CORPORATION, WHICH ANALYSTS USED IN FAVORABLE REPORTS ABOUT CORPORATION, WERE FALSE

171. COMPLAINT QUOTES MISSTATEMENTS IN MOST INSTANCES, IDENTIFIED DOCUMENTS, PRESS RELEASES AND OTHER COMMUNICATIONS WHICH CONTAINED STATEMENTS, AND SPECIFICALLY ALLEGED FACTS WHICH THE STATEMENTS MISREPRESENTED OR FAILED TO DISCLOSE.

172. THAT CORPORATION'S PRODUCTS, SALES AND EARNINGS WERE FALSE WHEN MADE.

173. THAT OFFICERS OF AIRLINE CORPORATION MADE POSITIVE REPRESENTATIONS REGARDING AIRLINE'S PROFITABILITY, PLANS FOR EXPANSION AND GROWTH, AND SAFETY RECORD, DESPITE KNOWLEDGE OF AIRLINE'S NUMEROUS SAFETY-RELATED INCIDENTS AND HEIGHTENED SCRUTINY OF AIRLINE BY FEDERAL AVIATION ADMINISTRATION (FAA).

174. AT A MINIMUM, SOME PARTICULAR TRANSACTION IN WHICH REVENUES WERE IMPROPERLY RECORDED, THE NAME OF THE CUSTOMER, THE TERMS OF THE SPECIFIC TRANSACTION, WHEN THE TRANSACTION OCCURRED, AND THE APPROXIMATE AMOUNT OF THE FRAUDULENT TRANSACTION.

175. THAT EITHER A LACK OF GOOD FAITH ON THE DEFENDANT'S PART OR A LACK OF REASONABLENESS OF THE STATEMENT IN QUESTION.

176. THAT EACH DEFENDANT HAD MENTAL STATE EMBRACING INTENT TO DECEIVE, MANIPULATE, AND DEFRAUD.

177. INSIDER ACCOUNTING FOR ALMOST ONE-HALF OF CORPORATION'S TRADING ACTIVITY DURING ONE WEEK, REPRESENTING 156% INCREASE OVER TOTAL INSIDER SALES FOR 14 MONTHS PREVIOUS.

178. THAT CONTROLLING SHAREHOLDER OF CORPORATION REPEATEDLY REPRESENTED TO INVESTOR THAT SHARES WOULD BE SET ASIDE FOR PURCHASE BY INSTITUTIONAL INVESTORS AND THEN ORCHESTRATED SCHEME BY WHICH CONTROLLING SHAREHOLDER APPROPRIATED SHARES.

179. THAT DEFENDANTS ACTED WITH KNOWLEDGE OF THE FALSITY OF THEIR STATEMENT AND WITH AN INTENT TO DECEIVE INVESTORS, OR WITH SUCH RECKLESSNESS THAT AN INTENT TO DECEIVE MAY BE INFERRED.

180. THAT DEFENDANTS ACTED EITHER INTENTIONALLY OR WITH SUCH RECKLESSNESS AS TO APPROXIMATE AN ACTUAL INTENT TO AID OR THE FRAUD BEING PERPETRATED.

181. THAT DEFENDANT LACKED GENUINE BELIEF THAT INFORMATION DISCLOSED WAS ACCURATE AND COMPLETE IN ALL MATERIAL RESPECTS.

182. DEFENDANTS GAINED, OR INTENDED TO GAIN SOME SORT OF CONCRETE BENEFIT AS RESULT OF FALSE STATEMENTS, SUCH AS INSIDER TRADING OF STOCK WHOSE PRICE WAS ARTIFICIALLY INFLATED BY FALSE OR MISLEADING STATEMENTS.

183. THAT UNDERWRITERS PARTICIPATED IN SCHEME TO INFLATE PRICE OF CORPORATION'S STOCK, THAT ONE UNDERWRITER ISSUED FALSE AND MISLEADING RESEARCH REPORTS ABOUT CORPORATION, AND THAT UNDERWRITERS WRITTEN MARKETING MATERIALS WERE FALSE AND MISLEADING.

184. COMPLAINT SET OUT HISTORY OF CORPORATION'S STOCK PRICE, ALLEGED INFLATIONARY IMPACT OF FRAUD, DESCRIBED EVENTUAL DECLINE OF CORPORATION'S STOCK RATING AND PRICES UPON ITS REVELATION OF PROBLEMS WITH MARKETING AGREEMENT DESCRIBED IN THE STATEMENT

185. THAT PARTICULARS OF ALLEGED FRAUD COULD NOT HAVE BEEN OBTAINED WITHOUT DISCOVERY.

186. COMPLAINT SET FORTH ALLEGELY FRAUDULENT STATEMENT, INDICATED WHEN IT WAS MADE, AND EXPLAINS WHY IT WAS FALSE, CITING SOME INSTANCES TO CORPORATION'S AND AUDITOR'S ADMISSION OF FRAUD, INTERVIEWS WITH FORMER EMPLOYEES AND ARTICLES IN FINANCIAL PRESS.

187. PURCHASERS ALLEGED FACTS, WHERE IF PROVEN, CONSTITUTE BOTH RECKLESS AND CONSCIOUS BEHAVIOR, ALLEGED KNOWING VIOLATIONS AND FRAUDULENT BUSINESS TRANSACTIONS, NAME SPECIFIC OFFICERS AND DIRECTORS WHO ALLEGEDLY HAD KNOWLEDGE OF OR WERE INVOLVED IN VIOLATIONS AND SPECIFIED MEETING DATES AT WHICH VIOLATIONS WERE DISCUSSED.

188. INVESTORS ALLEGED THAT THE OFFICERS RECEIVED COMPENSATION BASED ON THE CORPORATION'S PERFORMANCE, THAT EACH PARTICIPATED IN OR WAS RESPONSIBLE FOR SPECIFIED MISLEADING STATEMENTS AND THAT ONE OF THE OFFICERS PARTICIPATED IN THE EXECUTION OF TRANSACTION INVOLVING A BAD INVESTMENT.

189. THAT PLEADINGS GIVES NOTICE TO DEFENDANTS OF FRAUDULENT STATEMENTS FOR WHICH THEY ARE ALLEGED TO BE RESPONSIBLE.

19

190. THAT DEFENDANTS ALLEGED MISREPRESENTATIONS OR OMISSIONS IN-DUCED THEM TO ACT DIFFERENTLY THAN THEY WOULD OTHERWISE HAVE DONE IN MAKING INVESTMENT DECISIONS.

191. HE OR SHE RELIED ON A MATERIAL MISSTATEMENT OR OMISSION IN PURCHASING A SECURITY.

192. THAT DEFENDANT MADE SPECIFIC PROMISES TO INDUCE A SECURITIES TRANSACTION WHILE SECRETLY INTENDING NOT TO CARRY THEM OUT AND LATER NOT CARRYING THEM OUT.

193. THAT HE JUSTIFIABLY RELIED ON COMPANY'S STATEMENT IN PURCHASING OR SELLING SECURITIES, AND THAT FALSE OR MISLEADING STATE-MENT WAS PROXIMATE CAUSE OF DAMAGES SUSTAINED.

194. THAT DEFENDANT MADE UNTRUE STATEMENT OF MATERIAL FACT OR FAILED TO STATE MATERIAL FACT : THAT CONDUCT OCCURRED IN CONNECTION WITH PURCHASE OR SALE OF SECURITY : THAT DE-FENDANT ACTED WITH INTENT TO DECEIVE OR DEFRAUD : AND THAT PLAINTIFF JUSTIFIABLY RELIED ON THE MISREPRESENTATIONS OR OMISSIONS AND SUSTAINED DAMAGES AS PROXIMATE RESULT.

195. RELIANCE ; THAT PLAINTIFF ENGAGED IN A SECURITIES TRADE IN IGNORANCE OF THE FACT THAT THE PRICE WAS AFFECTED BY THE ALLEGED MANIPULATION.

196. THAT ACCOUNTANT KNOWINGLY CERTIFIED FALSE AND MISLEADING FINANCIAL STATEMENTS FOR CORPORATION.

197. A FALSE STATEMENT OR OMISSION BY THE DEFENDANTS : OF A MATERIAL FACT : MADE WITH SCIENTER : RELIANCE ON THAT STATEMENT BY THE PLAINTIFFS : AND RESULTING INJURY.

198. THAT HE OR SHE ACTED IN RELIANCE UPON AUDITORS' ALLEGED MISREPRESENTATION IN FINANCIAL STATEMENTS.

199. THERE IS A SUBSTANTIAL LIKELIHOOD THAT THE DISCLOSURE OF THE OMITTED FACT WOULD HAVE BEEN VIEWED BY THE REASONABLE INVESTOR AS HAVING SIGNIFICANTLY ALTERED THE TOTAL MIX OF INFORMATION MADE AVAILABLE .

200. THERE IS SUBSTANTIAL LIKELIHOOD THAT REASONABLE PURCHASER OR SELLER OF SECURITY = WOULD CONSIDER FACT IMPORTANT IN DECIDING WHETHER TO BUY OR SELL THE SECURITY OR = WOULD HAVE VIEWED TOTAL MIX OF INFORMATION MADE AVAILABLE TO BE SIGNIFICANTLY ALTERED BY DISCLOSURE OF THE FACT .

201. THAT REASONABLE INVESTOR WOULD VIEW IT AS SIGNIFICANTLY ALTERING THE TOTAL MIX OF INFORMATION AVAILABLE .

202. A REASONABLE INVESTOR WOULD CONSIDER IT IMPORTANT IN DETERMINING WHETHER TO BUY OR SELL STOCK

203. INVESTORS ALLEGED THAT PRINCIPAL OF COMPANY INVOLVED IN OIL EXPLORATION FALSELY CLAIMED THAT OIL CONCESSION IN YEMEN WAS IMMINENT AND WITHHELD DISCLOSURES REGARDING HIS SALES OF COMPANY STOCK .

204. FALSE STATEMENT OVERSTATING INCOME AND UNDERSTATING EXPENSES ENABLED CORPORATION TO PORTRAY ITSELF AS PROFITABLE AND GROWING COMPANY AND MASKED DECLINE IN EARNINGS THAT WAS OF IMPORTANCE TO INVESTORS .

205. THAT ALLEGED MISREPRESENTATIONS INDUCED THEM TO DO SOMETHING DIFFERENT FROM WHAT THEY WOULD OTHERWISE HAVE DONE IN MAKING INVESTMENT DECISIONS .

206. THAT THEY RELIED ON A MISREPRESENTATION OR OMISSION ATTRIBUTABLE TO DEFENDANT .

207. REASONABLE INVESTOR WOULD HAVE USED MISREPRESENTATION OR OMISSION AS HAVING SIGNIFICANTLY ALTERED TOTAL MIX OF INFORMATION AVAILABLE .

208. THAT IT JUSTIFIABLY RELIED ON BROKER'S ALLEGED OMISSION OR MISSTATEMENT .

21.

209. THAT IN CONNECTION WITH PURCHASE OR SALE OF SECURITIES, DEFENDANT ACTING WITH SCIENTER, MADE FALSE MATERIAL REPRE - SENTATION OR OMITTED TO DISCLOSE MATERIAL INFORMATION AND THAT PLAINTIFF'S RELIANCE ON DEFENDANT'S ACTION    CAUSED PLAINTIFF'S INJURY .

210. MATERIAL MISREPRESENTATION OR OMISSION : MADE WITH SCIENTER : UPON WHICH PLAINTIFF RELIED : AND WHICH PROXIMATELY CAUSED PLAINTIFF'S INJURIES .

211. A MISREPRESENTATION OR OMISSION : OF MATERIAL FACT : MADE WITH SCIENTER : AND WHICH PROXIMATELY CAUSED PLAINTIFF'S IN - JURIES .

212. A MISSTATEMENT OR OMISSION : OF MATERIAL FACT : MADE WITH INTENT TO DEFRAUD : ON WHICH THE PLAINTIFF RELIED :    AND WHICH PROXIMATELY CAUSED THE PLAINTIFF'S INJURY .

213. THAT CORPORATION KNOWINGLY OR RECKLESSLY PUBLISHED   UNTRUE STATEMENT OF FACT OR OMITTED TO STATE MATERIAL FACT NEC - ESSARY TO MAKE STATEMENT MADE, IN LIGHT OF ALL CIRCUMSTAN - CES IN WHICH THEY WERE MADE, NOT MISLEADING .

214. THAT IN CONNECTION WITH THE PURCHASE OR SALE OF SECURITIES, THE DEFENDANT, ACTING WITH SCIENTER, MADE A FALSE MATERIAL REPRE - SENTATION OR OMITTED TO DISCLOSE MATERIAL INFORMATION   AND THAT PLAINTIFF'S RELIANCE ON DEFENDANT'S ACTION CAUSED    THE PLAINTIFF INJURY .

215. THAT DEFENDANT MADE FALSE STATEMENT OR OMISSION : OF  MATERIAL FACT : WITH SCIENTER : IN CONNECTION WITH PURCHASE OR SALE OF SECURITIES : UPON WHICH PLAINTIFF JUSTIFIABLY RELIED : AND THAT FALSE STATEMENT PROXIMATELY CAUSED PLAINTIFF'S DAMAGE .

216. THAT DEFENDANT MADE MISSTATEMENT OR OMISSION OF MATERIAL FACT, WITH SCIENTER, IN CONNECTION WITH PURCHASE OR SALE OF SECURITIES : UPON WHICH PLAINTIFF RELIED, AND THAT PLAINTIFFS' RELIANCE WAS PROXIMATE CAUSE OF THEIR INJURY .

217. THAT IN CONNECTION WITH THE PURCHASE OR SALE OF A SECURITY : THE DEFENDANT : ACTING WITH SCIENTER : MADE A MATERIAL MISREPRESENTATION OR ( WHEN THERE EXISTS A DUTY TO SPEAK ) A MATERIAL OMISSION , OR USED A FRAUDULENT DEVICE .

218. PLAINTIFF ALLEGES " WHO " MADE SOME OF ALLEGEDLY FRAUDULENT STATEMENTS .

219. THAT LOSS WAS ATTRIBUTABLE TO DEFENDANT'S FRAUDULENT CONDUCT

220. THAT DEFENDANT MADE A FALSE STATEMENT OR OMITTED TO STATE MATERIAL FACT WHICH SHOULD HAVE BEEN DISCLOSED , AND THAT PLAINTIFF'S REASONABLE RELIANCE ON STATEMENT OR OMISSION PROXIMATELY CAUSED PLAINTIFF'S INJURY .

221. THAT IN CONNECTION WITH THE PURCHASE OR SALE OF SECURITIES , THAT DEFENDANT MADE A FALSE STATEMENT OR OMISSION OF MATERIAL FACT : WITH SCIENTER : UPON WHICH THE PLAINTIFF JUSTIFIABLY RELIED : AND THAT CAUSED THE PLAINTIFF TO SUFFER INJURY .

222. THAT IN CONNECTION WITH PURCHASE OR SALE OF SECURITIES : THE DEFENDANT MADE A FALSE STATEMENT OR OMITTED A MATERIAL FACT : WITH THE REQUISITE SCIENTER : AND THAT PLAINTIFF RELIED ON THE STATEMENT OR OMISSION : WITH RESULTANT INJURY

223. THAT THE DEFENDANT MADE A MATERIALLY FALSE OR MISLEADING STATEMENT OR OMITTED A MATERIAL FACT NECESSARY TO MAKE A STATEMENT NOT MISLEADING : THAT DEFENDANT ACTED WITH SCIENTER : AND THAT THE PLAINTIFF'S RELIANCE ON THE DEFENDANT'S MISSTATEMENT CAUSED HIS INJURY .

224. IN RELATION TO THE SALE OF SECURITIES : A MISREPRESENTATION OR OMISSION : OF A MATERIAL FACT : MADE WITH SCIENTER : ON WHICH PLAINTIFF REASONABLY RELIED : AND WHICH PROXIMATELY CAUSED PLAINTIFF'S INJURY .

225. THE USE OF JURISDICTIONAL MEANS : TO IMPLEMENT A DECEPTIVE OR MANIPULATIVE PRACTICE , WITH REQUISITE SCIENTER , IN CONNECTION WITH PURCHASE OR SALE OF A SECURITY : CAUSING : DAMAGE .

226. IN ADDITION TO A MISREPRESENTATION OR OMISSION OF MATERIAL FACT IN CONNECTION WITH PURCHASE OR SALE OF A SECURITY AND SCIENTER ON THE PART OF THE DEFENDANT, RELIANCE ON THE MISREPRESENTATION AND DAMAGES RESULTING FROM THE MISREPRESENTATION:   -

227. A SPECIFIC MISREPRESENTATION OF MATERIAL FACT : THE KNOWLEDGE BY DEFENDANT OF ITS FALSITY : IGNORANCE OF ITS FALSITY : THE INTENTION OF DEFENDANT THAT IT SHOULD BE ACTED UPON : AND THAT PLAINTIFF ACTED UPON IT TO THE DETRIMENT OF PLAINTIFF

228. A FALSE REPRESENTATION OF A MATERIAL FACT : KNOWLEDGE OR RECKLESS DISREGARD OF ITS FALSITY BY A DEFENDANT AND HIS OR HER INTENTION PLAINTIFF RELY ON THE FALSITY : REASONABLE RELI - ANCE THEREON BY THE PLAINTIFF : AND A RESULTING LOSS   .

229. A MISREPRESENTATION OR OMISSION : OF A MATERIAL FACT : MADE WITH SCIENTER : THAT PLAINTIFF RELIED : AND   THAT   CAUSED PLAINTIFF'S INJURY   .

230. THAT IN CONNECTION WITH PURCHASE OR SALE OF SECURITIES , EACH DEFENDANT , ACTING WITH SCIENTER , MADE MATERIAL FALSE REPRE- SENTATION , OR OMITTED TO DISCLOSE MATERIAL INFORMATION , OR ENGAGED IN SCHEME TO DEFRAUD , AND THAT PLAINTIFFS RELI- ANCE UPON DEFENDANTS ACTION CAUSED PLAINTIFFS INJURY   .

231. IN CONNECTION WITH THE PURCHASE OR SALE OF   SECURITIES , DEFENDANTS MADE A FALSE MATERIAL REPRESENTATION OR OMITTED TO DISCLOSE MATERIAL INFORMATION : DEFENDANTS ACTED WITH SCIENTER : AND PLAINTIFF DETRIMENTALLY RELIED UPON DEFEND - ANTS FRAUDULENT ACTS -

232. DAMAGES : CAUSED BY RELIANCE ON DEFENDANTS MISREPRESENTAT - IONS OR OMISSIONS OF MATERIAL FACT : OR ON A SCHEME TO DEFRAUD : SCIENTER : IN CONNECTION WITH THE PURCHASE OR SALE OF SECURITIES : FURTHERED BY THE DEFENDANTS USE OF THE MAILS OR ANY FACILITY OF A NATIONAL SECURITIES EXCHANGE .

233. THAT IN CONNECTION WITH A PURCHASE OR SALE OF SECURITIES : EACH DEFENDANT , ACTING WITH SCIENTER : MADE A MATERIAL FALSE REPRESENTATION OR OMITTED TO DISCLOSE INFORMATION , OR ENGAGED IN A SCHEME TO DEFRAUD : TO EACH PLAINTIFFS DETRI- MENTAL RELIANCE -

234. MATERIAL MISSTATEMENTS OR OMISSIONS : INDICATING AN INTENT TO DECEIVE OR DEFRAUD : IN CONNECTION WITH PURCHASE OR SALE OF A SECURITY : UPON WHICH PLAINTIFFS REASONABLY AND DETRIMENTALLY RELIED -

235. IN THEIR COMPLAINT THAT : THEY WERE INDUCED BY A MISREPRE-SENTATION OR OMISSION TO TAKE PART IN THE TRANSACTION : BUT FOR THE MISREPRESENTATIONS THEY WOULD NOT HAVE SUFFERED A FINANCIAL LOSS : AND THE LOSS THEY SUFFERED WAS A FORESEEABLE CONSEQUENCE OF THE MISREPRESENTATION OR OMISSION -

236. THAT DEFENDANTS : MADE MATERIAL MISSTATEMENT OR OMISSION : WITH REQUISITE SCIENTER , OR INTENT , TO DEFRAUD, IN CONNECTION WITH PURCHASE OR SALE OF SECURITIES : AND UPON WHICH PLAIN-TIFFS RELIED, CAUSING INJURY -

237. THAT DEFENDANT : ACTING WITH SCIENTER MADE MISSTATEMENT OR OMISSION, OF MATERIAL FACT, WHICH PLAINTIFFS RELIED UPON, AND WHICH CAUSED PLAINTIFFS DAMAGES ,

238. THAT IN CONNECTION WITH PURCHASE OR SALE OF SECURITY DE-FENDANT, ACTING WITH SCIENTER, MADE MATERIAL MISREPRESENTAT-ION OR MATERIAL OMISSION IF DEFENDANT HAD DUTY TO SPEAK, OR USED FRAUDULENT DEVICE -

239. THAT IN CONNECTION WITH PURCHASE OR SALE OF SECURITIES, DEFEND-ANT MADE FALSE STATEMENT OR OMISSION WITH RESPECT TO MATERIAL FACT, THAT DEFENDANT ACTED WITH SCIENTER , OR INTENT TO DECEIVE , THAT PLAINTIFF REASONABLY RELIED UPON MISSTATE-MENT OR OMISSION, AND THAT PLAINTIFF WAS HARMED AS RESULT

240. THAT IN CONNECTION WITH THE PURCHASE OR SALE OF A SECURITY, THE DEFENDANT, ACTING WITH SCIENTER, MADE A MATERIAL MIS-REPRESENTATION AND THAT THE PLAINTIFF RELIED ON THE MISREPRE-SENTATION TO HIS OR HER DETRIMENT -

241. A MISREPRESENTATION OF OR FAILURE TO DISCLOSE A MATERIAL FACT, MADE IN CONNECTION WITH THE PURCHASE OR SALE OF ANY SECURITY : WITH SCIENTER : RELIANCE BY THE PLAINTIFF UPON THE MISREPRESENTATION OR OMISSION : AND A LOSS CAUSED THEREBY

242. THE USE OF JURISDICTIONAL MEANS : TO CARRY OUT A DECEPTIVE OR MANIPULATIVE PRACTICE WITH THE REQUISITE SCIENTER : IN CONNECTION WITH THE PURCHASE OR SALE : OF A SECURITY : CAUSING : DAMAGES .

243. THAT THE DEFENDANTS MADE MISSTATEMENTS OR OMISSIONS OF MATERIAL FACT : WITH SCIENTER : IN CONNECTION WITH THE PURCHASE OR SALE OF SECURITIES, UPON WHICH PLAINTIFF RELIED : AND THAT PLAINTIFF'S RELIANCE WAS PROXIMATE CAUSE OF HIS INJURY .

244. THAT IN CONNECTION WITH SECURITY'S PURCHASE OR SALE BY PLAINTIFF : DEFENDANT, WITH SCIENTER : MADE MATERIAL MISREPRESENTATIONS OR OMISSIONS : UPON WHICH PLAINTIFF RELIED, AND THAT PLAINTIFF SUFFERED ECONOMIC LOSS BECAUSE OF DEFENDANT'S ACTION .

245. THAT THE DEFENDANT MADE A MISREPRESENTATION OR OMISSION OF : A MATERIAL FACT : THAT THE DEFENDANT ACTED WITH KNOWLEDGE OR RECKLESSNESS : AND THAT THE PLAINTIFF REASONABLY RELIED ON THE MISREPRESENTATION OR OMISSION AND : CONSEQUENTLY SUFFERED DAMAGE .

246. A FALSE MISREPRESENTATION OR OMISSION : OF MATERIAL FACT : MADE BY DEFENDANT WHO KNEW OF ITS FALSITY AND INTENDED THAT THE PLAINTIFF RELY ON IT : JUSTIFIABLE RELIANCE BY THE PLAINTIFF ON THE MISREPRESENTATION OR OMISSION, AND THAT PLAINTIFF SUFFERED DAMAGE RESULTING FROM RELIANCE .

247 THAT DEFENDANT MADE A FALSE MISREPRESENTATION OR OMISSION : OF A MATERIAL FACT : KNOWING ITS FALSITY AND INTENDING THAT THE PLAINTIFF RELY ON IT : THE PLAINTIFF JUSTIFIABLY RELIED ON THE MISREPRESENTATION OR OMISSION : AND THE PLAINTIFF SUFFERED DAMAGE RESULTING FROM THIS RELIANCE .

248. THAT THE DEFENDANT MADE AN UNTRUE STATEMENT OF MATERIAL FACT OR FAILED TO STATE A MATERIAL FACT : THAT THE CONDUCT OCCURRED IN CONNECTION WITH THE PURCHASE OR SALE OF A SECURITY : THAT THE DEFENDANT MADE THE STATEMENT OR OMISSION WITH SCIENTER : AND THAT PLAINTIFF RELIED ON THE MISREPRESENTATION, AND SUSTAINED DAMAGES AS A PROXIMATE RESULT OF THE MISREPRESENTATION .

249. INVESTOR ALLEGE THAT ISSUER OF SECURITIES HAD APPROVED OF REPORTS PREPARED ANALYSTS, WHICH WERE BASED ON INFORMATION PROVIDED BY ISSUER, PRIOR TO THEIR ISSUANCE OR DISTRIBUTED THEM AFTER PUBLICATION, OR THAT ISSUER KNEW THAT ANALYSTS FORECASTS WERE UNREASONABLE.

250. SPECIFIC INTERNAL REPORTS INDICATING THAT COMPANY INVOLVED IN MORTGAGE LENDING WAS EXCEEDING PREDICATED PRE-PAYMENT AND DELINQUENCY ESTIMATES AT SAME TIME REPRESENTATIVES WERE PUBLICLY DECLARING THAT ITS UNIQUE PROVISIONS FOR PAYMENT AND DELINQUENCY SHIELED IT FROM GENERAL DOWNTURN IN MORTGAGE FINANCING MARKETS THAT WAS AFFECTING ITS COMPETITORS.

251. STATE TIMES AND PLACES WHEN UNIQUE STATEMENTS WERE MADE TO ANALYSTS, OR CONTENTS OF THE STATEMENT.

252. REPORTS WERE LISTED BY DATE, SUBSTANCE OF REPORTS WAS GIVEN, COMPANY EXECUTIVES INVOLVED WITH ANALYSTS WERE LISTED AND ALLEGATION WERE MADE THAT COMPANY APPROVED REPORTS WITH KNOWLEDGE THEY WOULD BE RELIED ON BY PERSONS MAKING INVESTMENT DECISIONS.

253. INVESTOR ALLEGE MEETINGS AND CALLS INVOLVING ANALYSTS AND EXECUTIVES PRIOR TO ISSUANCE OF REPORTS CONTAINING ALLEGEDLY FALSE STATEMENTS.

254. INVESTOR ALLEGE THAT CORPORATION HAD PROVIDED FALSE OR MIS-LEADING INFORMATION TO ANALYSTS WHO PREPARED REPORTS PRIOR TO CORPORATION'S INITIAL PUBLIC OFFERING.

255. INVESTOR ALLEGE SCIENTER IN CONNECTION WITH THEIR CLAIM THAT STATEMENTS CONTAINED IN ANALYSTS REPORTS WERE FRAUDULENT.

256. THAT DEFENDANT HAS SUFFICIENTLY ENTANGLED ITSELF WITH ANALYST'S FORECASTS TO RENDER THOSE PREDICTIONS ATTRIBUTABLE TO IT.

257. THAT INTERNAL REPORTS ALLERTED OFFICERS TO SERIOUS PRODUCTION AND SALES PROBLEMS AND CONTRADICTED COMPANY'S POSITIVE PUBLIC STATEMENTS, FACTS RELATING TO INTERNAL REPORTS, INCLUDING THEIR CONTENTS, THE SOURCE OF HER INFORMATION, HOW SHE LEARNED OF REPORTS, WHO DRAFTED THEM, OR WHICH OFFICERS RECEIVED THEM.

27

258. THAT ALLEGEDLY FALSE STATEMENTS WERE SET FORTH IN DETAIL, TOGETHER WITH IDENTITY OF THE SPEAKER, THE MEDIUM, THE DATE, THE FACTS NOT DISCLOSED AND WHY THE STATEMENTS WERE EITHER FALSE OR MISLEADING AT THE TIME OF DISCLOSURE, AND THE COMPLAINT REFERRED TO STATEMENTS, SUCH AS EXACT AMOUNT OF PRODUCTION AT A MINE OR EXPECTED NET INCOME PER SHARE CAPABLE OF OBJECTIVE VERIFICATION.

259. THAT SOFTWARE MANUFACTURER TOOK CREDIT FOR SOFTWARE SALE IN VIOLATION OF ACCOUNTING RULE; COMPLAINT SET FORTH CONTENT OF EACH STATEMENT ALLEGED TO BE FALSE OR MISLEADING, NAME OF SPEAKER, DATE ON WHICH EACH STATEMENT WAS MADE, DOCUMENT IN WHICH EACH STATEMENT WAS MADE PUBLIC, AND DETAILED EXPLANATION OF WHY EACH STATEMENT WAS FALSE.

260. THAT THE ALLEGED FRAUD OCCURRED IN CONNECTION WITH THE PURCHASE OR SALE OF A SECURITY; MISREPRESENTATION OR OMISSION WHERE THERE EXISTS SOME DUTY TO DISCLOSE...; MATERIALITY; SCIENTER, WHICH IS INTENT TO DEFRAUD OR DECEIVE; RELIANCE, AND; CAUSATION.

261. THAT THE DEFENDANT MADE A FALSE STATEMENT OR OMITTED A MATERIAL FACT; THE ACT WAS MADE WITH SCIENTER AND; PLAINTIFF'S RELIANCE ON DEFENDANT'S ACTION CAUSED PLAINTIFF INJURY.

262. THAT THE SALE OR PURCHASE OF A SECURITY WAS ACCOMPANIED BY A MISREPRESENTATION OR OMISSION OF A MATERIAL FACT; THAT DEFENDANT ACTED WITH SCIENTER; THE PLAINTIFF JUSTIFIABLY RELIED ON SUCH MISREPRESENTATION IN CONNECTION WITH THE PURCHASE OR SALE OF A SECURITY, AND; THE PLAINTIFF SUFFERED DAMAGE AS A RESULT OF THE MISREPRESENTATION OR OMISSION.

263. DEFENDANTS ACTED IN MANNER PROHIBITED BY THE RULE; DEFENDANTS ACTED WITH SCIENTER; PLAINTIFFS RELIED ON DEFENDANTS MISREPRESENTATIONS OR OMISSIONS TO THEIR DETRIMENT, AND; THE ALLEGEDLY FRAUDULENT CONDUCT CAUSED PLAINTIFFS TO PURCHASE THE SECURITIES AND CAUSED THE PLAINTIFF ECONOMIC HARM.

264. THAT COMPANY WAS EXPERIENCING PRODUCTION DELAYS AT THE TIME THE STATEMENTS WERE MADE OR THAT THE COMPANY KNEW THOSE DELAYS WOULD PREVENT MEETING SHIPMENT TARGET.

265. THAT STATEMENT WAS MATERIALLY MISLEADING, BARRING THOSE FACTS BASED SOLELY UPON INFORMATION AND BELIEF.

266. PLAINTIFF SPECIFIES WHAT MANIPULATIVE ACTS WERE PERFORMED, WHICH DEFENDANT PERFORMED THEM, WHEN THE MANIPULATIVE ACTS WERE PERFORMED, AND WHAT EFFECT THE SCHEME HAD ON THE MARKET FOR THE SECURITIES AT ISSUE.

28

267. THAT DEFENDANT LACKED A REASONABLE BASIS FOR ITS PREDICTION.

268. EITHER BAD FAITH OR LACK OF REASONABLENESS

269. THAT THE DEFENDANT SUFFICIENTLY ENTANGLED ITSELF WITH THE ANALYSTS FORECAST TO RENDER THE PREDICTIONS ATTRIBUTABLE TO THE DEFENDANT.

270. THAT FORECASTS WERE UNREASONABLE WHEN MADE.

271. THAT COMPANY KNEW THERE WAS NO REASONABLE BASIS FOR FORECAST AT TIME IT WAS MADE.

272. THAT FORECAST WAS MADE WITH EITHER INADEQUATE CONSIDERATION OF AVAILABLE DATA OR USED OF UNSOUND FORECASTING METHODOLOGY

273. IT WAS UNREASONABLE FOR ISSUER TO BELIEVE IT WOULD ACHIEVE ITS PROJECTION.

274. THAT DEFENDANT KNEW THAT A STATEMENT WAS MATERIALLY FALSE OR MISLEADING.

275. THAT NO REASONABLE BASIS EXISTED FOR EARNINGS AND REVENUE PROJECTIONS AT TIME PROJECTIONS WERE MADE.

276. IDENTITY OF PERSON WHO MADE MISREPRESENTATION, TIME, PLACE AND CONTENT OF MISREPRESENTATION, AND METHOD BY WHICH MISREPRESENTATION WAS COMMUNICATED TO PLAINTIFF.

277. ALLEGEDLY FRAUDULENT STATEMENTS, IDENTITY OF SPEAKER, STATE WHEN AND WHERE STATEMENTS WERE MADE, EXPLAIN WHY STATE-MENTS WERE FRAUDULENT, THAT DEFENDANT POSSESSED FRAUDU-LENT INTENT.

278. THAT DEFENDANT PROVIDED MISLEADING INFORMATION TO ANALYSTS AND THAT ANALYSTS RELIED ON THIS INFORMATION IN FORMING THEIR REPORTS, THAT DEFENDANTS REVIEWED & ENDORSED OR APPROVED ALL OF THE REPORTS CONTAINING STATEMENTS.

279. THAT COMPLAINT SET FORTH FIRST PARAGRAPH OF ANY NEWSPAPER STORY, INCLUDING THE WHO, WHAT, WHEN, WHERE, AND HOW.

29

280. THAT NEWSPAPER ACTED WITH ACTUAL MALICE UNDER PENNSYLVANIA LAW IN PUBLISHING STORY.

281. PLAINTIFF IDENTIFY SPECIFIC FORECASTS, AND COMPANY INSIDER WHO ADOPTED THEM, POINT TO SPECIFIC INTERACTIONS BETWEEN INSIDER AND ANALYST WHICH GAVE RISE TO ENTANGLEMENT, STATE DATES WHEN THESE INTERACTIONS OCCURRED, AND SPECIFICALLY ALLEGE FACTS SHOWING THAT ANALYSTS STATEMENTS WERE MISLEADING AND THAT THERE WAS NO REASONABLE BASIS FOR THEM WHEN THEY WERE MADE.

282. THAT TRADES WERE OUTSIDE NORMAL TRADING PATTERNS OF INSIDERS OR WERE SIGNIFICANT IN REFERENCE TO INSIDER FINANCIAL CONDITION.

283. COMPLAINT PLEADS : PRECISELY WHAT STATEMENTS WERE MADE IN WHAT DOCUMENTS OR ORAL REPRESENTATIONS OR WHAT OMISSIONS WERE MADE : TIME AND PLACE OF EACH SUCH STATEMENT AND PERSON RESPONSIBLE FOR MAKING SAME : CONTENT OF SUCH STATEMENTS AND MANNER IN WHICH THEY MISLED PLAINTIFF : AND WHAT DEFENDANTS OBTAINED AS CONSEQUENCE OF FRAUD.

284. PLAINTIFF ALLEGES HOW THE EARLIER STATEMENTS WERE MISLEADING AT THE TIME THEY WERE MADE.

285. INVESTORS ALLEGED, BY TIME, PLACE, CONTENT AND SPEAKER, STATEMENTS THEY ALLEGED WERE FALSE AND MISLEADING AND EXPLAINED FACTUALLY WHY THEY THOUGHT STATEMENTS WERE FALSE.

286. INVESTORS ALLEGED SPECIFIC ACCOUNTING VIOLATIONS RELATING TO OVERSTATEMENTS OF REVENUES, IDENTIFIED PARTICULAR TRANSACTIONS INVOLVED, AND THAT INDIVIDUAL DEFENDANTS SIGNED RELEVANT FINANCIAL STATEMENTS AND RELATED DOCUMENTS.

287. EACH DEFENDANT : EACH FALSE STATEMENT OR OMISSION DEFENDANT IS RESPONSIBLE FOR : TIME AND PLACE EACH STATEMENT OR OMISSION WAS MADE : REASON STATEMENT OR OMISSION IS MISLEADING : AND MANNER IN WHICH EACH STATEMENT OR OMISSION MISLED THE PLAINTIFF.

288. THAT DEFENDANT HAD ACTUAL KNOWLEDGE OR ACTED WITH DELIBERATE IGNORANCE AND RECKLESS DISREGARD OF THE TRUTH OR FALSITY OF THEIR FALSE CLAIM.

289. COMPLAINT IDENTIFY SPECIFIC ROLE OF UNDERWRITERS PROPOUNDING FRAUDULENT STATEMENTS.

290. COMPLAINT ALLEGE A DETAILED DIALOGUE BETWEEN INSIDERS AND ANALYSTS, WHILE ALSO IDENTIFYING THE DATE OF THE ANALYST REPORT, ITS CONTENTS, AND REPORT'S AUTHOR, AND SPECIFYING THAT INSIDERS HAD REVIEWED AND APPROVED REPORT .

291. INVESTOR IDENTIFY SPECIFIC ANALYSTS, FORECASTS, AND NAME THE INSIDER WHO ADOPTED THEM : POINT TO SPECIFIC INTERACTIONS BETWEEN THE INSIDER AND THE ANALYST WHICH GAVE RISE TO THE ENTANGLEMENT : AND STATE WHEN THESE INTERACTIONS OCCURRED .

292. IDENTIFY SPECIFIC FORECASTS, AND NAME THE INSIDER WHO ADOPTED THEM : POINT TO SPECIFIC INTERACTIONS BETWEEN INSIDER AND ANALYST WHICH ALLEGEDLY GAVE RISE TO ENTANGLEMENT : AND STATE DATES ON WHICH ACTS WHICH ALLEGEDLY GAVE RISE TO ENTANGLEMENT OCCURRED .

293. FOR EACH STATEMENT, PURCHASERS PROVIDED DATES OF CONVERSATIONS, NAME OF EXECUTIVE MAKING ALLEGED STATEMENT, AND NAME OF THE PERSON TO WHOM INFORMATION WAS COMMUNICATED .

294. THE SPEAKER DID NOT GENUINELY BELIEVE THE STATEMENT WAS TRUE : THERE WAS NO REASONABLE BASIS FOR THE SPEAKER TO BELIEVE THE STATEMENT : AND THE SPEAKER WAS AWARE OF AN UNDISCLOSED FACT TENDING SERIOUSLY TO UNDERMINE THE ACCURACY OF THE STATEMENT .

295. INVESTORS ALLEGED THAT CORPORATION AND ITS PRINCIPALS FAILED TO DISCLOSE INFORMATION REGARDING DECLINE IN CURRENT BUSINESS, REFLECTED IN MOST RECENT FINANCIAL STATEMENT , AND FAILED TO DISCLOSE AMOUNT OF PREPAYMENT PENALTIES ON CORPORATE DEBT, STATEMENT CAPABLE OF VERIFICATION , AND DISCLOSED EXACT NATURE OF STATEMENTS, WHEN AND BY WHOM MADE , AND WHY STATEMENTS MADE WERE FALSE AND MISLEADING .

296. PLAINTIFFS ALLEGED NEGATIVE INTERNAL REPORTS . SUCH AS REPORT TITLES , WHEN THEY WERE PREPARED , WHO PREPARED THEM, TO WHOM THEY WERE DIRECTED , THEIR CONTENTS, AND THE SOURCES FROM WHICH PLAINTIFFS OBTAINED THIS INFORMATION .

297. COMPLAINT ALLEGES DIRECT PARTICIPATION IN A SCHEME TO MANIPULATE THE MARKET FOR SECURITIES .

298. THAT AUDITORS ACTED RECKLESSLY IN CERTIFYING FINANCIAL STATEMENTS FOR CORPORATION : AUDITORS FAILED TO FOLLOW GENERALLY ACCEPTED ACCOUNTING STANDARDS ( GAAS ) AND THEIR OWN PROCEDURES BY USING GROSS PROFIT METHOD TO DETERMINE ACCURACY OF CORPORATION'S INVEN-TORY , AND THEY IGNORED ' RED FLAGS ', INCLUDING IN - TRANSIT INVENTORY VALUED AT 50 % OF INVENTORY AT END OF PREVIOUS FISCAL YEAR .

299. THAT MANAGEMENT HAD NO REASONABLE BASIS TO MAKE FORWARD - LOOKING STATEMENTS AT ISSUE OR SHOWING HOW OMISSIONS FROM PROSPECTUS WERE MATERIAL .

300. FACTS DESCRIBING UNDISCLOSED PROBLEMS IN DETAIL : AND FACTS SHOWING THE PROBLEMS AROSE BEFORE ALLEGEDLY MISLEADING STATE-MENTS WERE MADE .

301. THAT DEFENDANT ACTED WITH SUFFICIENT SCIENTER ,

302. THAT THE DEFENDANT ACTED WITH THE REQUISITE INTENT , AND THAT INTENT INCLUDES THE INTENT TO DECEIVE , MANIPULATE , OR DEFRAUD , OR KNOWING MISCONDUCT .

303. INVESTOR IDENTIFY THOSE RESPONSIBLE FOR ANALYSTS REPORTS , IDENTIFY SPECIFIC MISREPRESENTATIONS THAT RESULTED IN FALSE AND MISLEADING REPORTS , OR ALLEGE WITH PARTICULARITY ANY ACTS THAT ADOPTED ANALYSTS REPORTS .

304. THAT NO REASONABLE BASIS EXISTED FOR EARNINGS AND REVENUE PRO-JECTIONS AT TIME PROJECTIONS WERE MADE .

305. THAT INFORMATION AVAILABLE TO DEFENDANTS SHOWED DIFFERENT RESULTS THAN DEFENDANTS PREDICTED .

306. PLAINTIFF ALLEGE WHAT MISREPRESENTATIONS WERE MADE BY DEFENDANT , TO WHOM THESE MISREPRESENTATIONS WERE MADE , WHEN THESE MIS-REPRESENTATIONS WERE MADE , AND HOW THESE MISREPRESENTATIONS FURTHERED THE ALLEGED FRAUDULENT SCHEME .

307. THAT A DEFENDANT HAS COMMITTED A PROSCRIBED ACT IN A TRANSACTION OF WHICH THE PLEDGE OF A SECURITY IS A PART .

308. OFFICERS PREPARED, REVIEWED, AND SIGNED NUMEROUS PUBLIC STATEMENTS CONTAINING OVERSTATEMENTS, WHILE CORPORATION'S STOCK WAS BEING PUBLICLY TRADED .

309. MISSTATEMENTS OVERVALUED ACQUISITIONS BY MILLIONS OF DOLLARS AND REPRESENTED HIGH PERCENTAGE OF CORPORATION'S TOTAL ASSETS AND SHAREHOLDER EQUITY .

310. INVESTORS ALLEGATION IF THEY HAD KNOWN INDIVIDUAL WHO PROVIDED REFERENCE ON BEHALF OF HEDGE FUND DID NOT INVEST IN FUND, THEY WOULD HAVE BEEN LEERY OF FUND'S REPRESENTATIONS, SINCE IT WOULD HAVE APPEARED ITS LIST OF INVESTORS WAS FABRICATED .

311. A MISREPRESENTATION OR OMISSION : A PURCHASE OR SALE OF A SECURITY THEREWITH : SCIENTER : MATERIALITY : JUSTIFIABLE RELIANCE : AND, DAMAGES .

312. THAT BECAUSE RESTAURANT HE SOUGHT TO PATRONIZE FAILED TO ACCOMMODATE DISABLED PERSONS HE WAS HUMILIATED, EMBARRASSED, AND FRUSTRATED, AND SUFFERED SERIOUS EMOTIONAL AND PHYSICAL INJURIES .

313. FORMATION AND MAINTENANCE OF CONSPIRACY : WRONGFUL ACT OR ACTS COMMITTED PURSUANT TO CONSPIRACY : ACTUAL DAMAGES SUFFERED BY PLAINTIFFS : AND CAUSAL NEXUS BETWEEN SUCH DAMAGES AND ALLEGED CONSPIRATORIAL CONDUCT .

314. INVESTORS STATED A CLAIM FOR SECURITIES FRAUD, BASED UPON ADOPTION OF CERTAIN SECURITIES ANALYSTS REPORTS CONTAINING ALLEGEDLY FALSE STATEMENTS, POINTING TO FACSIMILE COVER SHEET SHOWING TRANSMISSION OF THE REPORT TO A REPRESENTATIVE OF THE ISSUING CORPORATION, AND DISPOSITIONS INDICATING THAT DRAFTS OF CERTAIN OTHER REPORTS WERE SENT TO THE REPRESENTATIVE

315. THE CONDUCT : OF AN ENTERPRISE : THROUGH A PATTERN :  OF RACKETEERING ACTIVITY .

316. CONDUCT : OF AN ENTERPRISE : THROUGH A PATTERN : OF RAC- KETEERING ACTIVITY : INJURY TO BUSINESS OR PROPERTY AS A RESULT OF THE RICO VIOLATION .

317. THAT HE WAS INJURED BY DEFENDANTS : CONDUCT : OF AN ENTER- PRISE : THROUGH A PATTERN : OF RACKETEERING ACTIVITY

318. THAT DEFENDANT : PARTICIPATED IN THE CONDUCT : OF AN ENTER- PRISE : THROUGH A PATTERN : OF RACKETEERING ACTIVITY .

319. THE EXISTENCE OF AN ENTERPRISE AFFECTING INTERSTATE COMMERCE : THAT THE DEFENDANT WAS EMPLOYED BY OR ASSOCIATED WITH THE ENTERPRISE : THAT THE DEFENDANT PARTICIPATED , EITHER DIRECTLY OR INDIRECTLY : IN THE CONDUCT OR THE AFFAIRS OF THE ENTER- PRISE : AND THAT THE DEFENDANT PARTICIPATED THROUGH A PATTERN OF RACKETEERING ACTIVITY THAT INCLUDED AT LEAST TWO PREDICATE ACTS .

320. VIOLATION OF § 1962 : INJURY TO HIS BUSINESS OR PROPERTY : AND CAUSATION OF INJURY BY VIOLATION .

321. THAT § 1962 OF RICO WAS VIOLATED , THAT THE PLAINTIFF WAS INJURED IN HIS BUSINESS OR PROPERTY , AND THAT THE VIOLATION OF § 1962 CAUSED PLAINTIFF'S INJURY .

322. THAT DEFENDANT : CONDUCTED : AN ENTERPRISE THROUGH : A PATTERN. OF RACKETEERING ACTIVITY .

323. THAT THE DEFENDANT : THROUGH THE COMMISSION OF TWO OR MORE ACTS : CONSTITUTING A PATTERN : OF RACKETEERING ACTIVITY : CONDUCTED OR PARTICIPATED IN THE CONDUCT OF : AN ENTERPRISE : THE ACTIVITIES OF WHICH EFFECT INTERSTATE OR FOREIGN COMMERCE .

324. CONDUCT : OF AN ENTERPRISE : THROUGH A PATTERN : OF RACKETEER- ING ACTIVITY .

325. CONDUCTING OF, OR CONSPIRACY TO CONDUCT : AN ENTERPRISE : THAT AFFECTS INTERSTATE OR FOREIGN COMMERCE : THROUGH A PATTERN : OF RACKETEERING ACTIVITY .

326. THAT DEFENDANT THROUGH THE COMMISSION OF TWO OR MORE ACTS CONSTITUTING A PATTERN OF RACKETEERING ACTIVITY, DIRECTLY OR INDIRECTLY, INVESTED IN, OR MAINTAINED SOME INTEREST, OR PARTICIPATED IN AN ENTERPRISE THE ACTIVITIES OF WHICH AFFECT INTERSTATE OR FOREIGN COMMERCE, THAT THEY WERE INJURED IN THEIR BUSINESS OR PROPERTY BY REASON OF A VIOLATION OF RICO SECTION LISTING PROHIBITED ACTIVITIES .

327. THAT OBJECT OF DEFENDANTS RACKETEERING ACTIVITY WAS TO GAIN INTEREST IN OR MAINTAIN CONTROL OF ENTERPRISE, AND THAT PLAINTIFF'S INJURY FROM SUCH INTEREST OR CONTROL WAS DISTINCT FROM INJURY BASED ON ALLEGED PREDICATE ACTS .

328. VIOLATION OF RICO : INJURY TO HIS BUSINESS OR PROPERTY : AND THAT HIS INJURY WAS PROXIMATELY CAUSED BY RICO VIOLATION .

329. CONDUCT : OF AN ENTERPRISE : THROUGH A PATTERN : OF RACKETEER-ING ACTIVITY : THAT THE PLAINTIFF'S BUSINESS OR PROPERTY HAS BEEN INJURED BY CONDUCT CONSTITUTING THE VIOLATION .

330. A VIOLATION OF THE RICO STATUTE : AN INJURY TO THE PLAINTIFF'S BUSINESS OR PROPERTY : AND THAT THE RICO VIOLATION WAS THE PROXIMATE CAUSE OF THE INJURY .

331. THAT A RICO ENTERPRISE EXISTED : THAT THE DEFENDANT COMMITTED PREDICATE ACTS FALLING WITHIN ONE OR MORE OF THE CATAGORIES ENUMERATED IN RICO STATUTE : THAT THESE PREDICATE ACTS CONSTITUTED A PATTERN OF RACKETEERING ACTIVITY : AND THAT THERE IS A NEXUS BETWEEN THE DEFENDANT, THE PATTERN OF RAC-KETEERING ACTIVITY, AND THE ENTERPRISE .

332. THAT THE DEFENDANT : THROUGH THE COMMISSION OF TWO OR MORE ACTS : CONSTITUTING A PATTERN : OF RACKETEERING ACTIVITY : DIRECTLY OR INDIRECTLY INVESTED IN, OR MAINTAINED AN INTEREST IN, OR PARTICIPATED IN : AN ENTERPRISE : THE ACTIVITIES OF WHICH AFFECTED INTERSTATE OR FOREIGN COMMERCE .

333. THAT THE DEFENDANT USED MONEY DERIVED FROM A PATTERN OF RACKETEERING ACTIVITY TO INVEST IN AN ENTERPRISE : ACQUIRED CONTROL OF AN ENTERPRISE THROUGH PATTERN OF RACKETEERING ACTIVITY, CONDUCTED AFFAIRS OF ENTERPRISE THROUGH PATTERN OF RACKETEERING ACTIVITY, OR CONSPIRED TO DO ANY OF THOSE THINGS

334. PROHIBITED ACTIVITIES, INJURY TO BUSINESS OR PROPERTY, AND THAT INJURY WAS CAUSED BY VIOLATION .

35

1

335. THAT DEFENDANT PARTICIPATED IN AT LEAST TWO ACTS OF MAIL AND WIRE FRAUD.

336. THAT DEFENDANTS HAD PARTICIPATED IN SCHEME TO DEFRAUD SEVERAL LENDERS INTO EXTENDING FINANCING TO DEFENDANTS BUSINESS BY MEANS OF NUMEROUS PREDICATE ACTS OF MAIL AND WIRE FRAUD OCCURRING OVER PERIOD OF ALMOST 14 MONTHS, AND THAT THESE PREDICATE ACTS OF FRAUD WERE A REGULAR WAY THAT ENTERPRISE CONDUCTED ITS ONGOING LEGITIMATE BUSINESS BY BUYING ACCOUNTS RECEIVABLE.

337. THAT LENDER VIOLATED RACKETEERING INFLUENCED AND CORRUPT ORGANIZATION ACT (RICO) BY COMMITTING MAIL FRAUD IN CONNEC-TION WITH LOAN REFINANCING OFFERS.

338. THAT MOTIVATION FOR FALSE STATEMENTS WAS TO RECEIVE CONTRACTS FOR REPAIR OF ARUBAN PLANES.

339. THAT REASONABLE PERSON WOULD HAVE ACTED ON REPRESENTATIONS

340. BY CLEAR AND CONVINCING EVIDENCE, A VIOLATION OF THE CRIMINAL RICO PROVISION : AN INJURY TO HIS BUSINESS OR PROPERTY : AND THAT THE VIOLATION OF THE CRIMINAL RICO STATUTE CAUSED INJURY TO HIS BUSINESS OR PROPERTY.

341. THAT EACH DEFENDANT AGREED TO PARTICIPATE IN ENDEAVOR WHICH, IF COMPLETED, WOULD CONSTITUTE VIOLATION OF RICO.

342. THAT PREDICATE ACTS OF MAIL OR WIRE FRAUD ARE RELATED IN THAT THEY HAVE SAME OR SIMILAR PURPOSES, RESULTS, PARTICIPANTS, VICTIMS, OR METHODS OF COMMISSION, OR OTHERWISE ARE INTERRELATED BY DISTINGUISHING CHARACTERISTICS AND ARE NOT ISOLATED EVENTS.

343. THAT EMPLOYEE, WHO WAS VICE PRESIDENT OF MARKETING AND SALES, USED BOTH THE MAILS AND THE TELEPHONE TO SET IN MOTION AND PERPETUATE A SCHEME TO DEFRAUD IT OF PROFITS BY SELF-DEALING.

344. STOCK PURCHASERS' ALLEGATIONS OF MATERIAL MISSTATEMENTS AND OMISSIONS IN PROSPECTUS IN CONNECTION WITH INITIAL PUBLIC OFFERING

36

345. THAT DEFENDANTS ENGAGED IN AT LEAST TWO ACTS OF RACKETEERING ACTIVITY.

346. AT LEAST TWO PREDICATE ACTS, THAT PREDICATE ACTS ARE RELATED, AND THAT THEY AMOUNT TO, OR POSE THREAT OF CONTINUING CRIMINAL ACTIVITY.

347. PATTERN OF AT LEAST TWO PREDICATE ACTS COMMITTED WITHIN TEN YEAR PERIOD, AND PREDICATE ACTS MUST BE RELATED AND MUST REVEAL CONTINUED OR THREAT OF CONTINUED UNLAWFUL CONDUCT.

348. THAT THE DEFENDANT COMMITTED TWO OR MORE ILLEGAL ACTS OF THE TYPE ASSOCIATED WITH ORGANIZED CRIME.

349. THAT DEFENDANT COMMITTED OR AIDED AND ABETTED IN AT LEAST TWO CRIMINAL PREDICATE ACTS IN PATTERN OF CRIMINAL ACTIVITY IN FURTHERANCE OF PARTICULAR CRIMINAL ENTERPRISE.

350. AT LEAST TWO ACTS OF RACKETEERING ACTIVITY OCCURRING WITHIN 10 YEARS OF EACH OTHER, AND SUCH ACTS MUST BE RELATED AND POSE THREAT OF CONTINUED CRIMINAL ACTIVITY.

351. THAT IN CONNECTION WITH THE PURCHASE OR SALE OF A SECURITY : THE DEFENDANT ACTING WITH SCIENTER : AND, MADE A MATERIAL MISREPRESENTATION.

352. THAT IN CONNECTION WITH THE PURCHASE OR SALE OF A SECURITY : THE DEFENDANT ACTING WITH SCIENTER : MADE, WHERE THERE EXISTS A DUTY TO SPEAK, A MATERIAL OMISSION

353. EXISTENCE OF PRIMARY FRAUD, AIDER AND ABETTOR'S KNOWLEDGE OF THE FRAUD, AND SUBSTANTIAL ASSISTANCE PROVIDED BY AIDER AND ABETTOR.

354. THAT FIDUCIARY BREACHED OBLIGATIONS TO ANOTHER : THAT DEFENDANT KNOWINGLY PARTICIPATED IN BREACH, AND THAT PLAINTIFF SUFFERED DAMAGES AS RESULT OF BREACH.

355. THAT HIS INJURY WAS DIRECT OR REASONABLY FORESEEABLE RESULT OF AIDING AND ABETTING.

37

356. OPEN-ENDED PATTERN IN WHICH PAST CRIMINAL WRONGDOING CARRIED WITH IT THREAT OF FUTURE CRIMINAL ACTIVITY -

357. THAT THE OFFENSES RELATED TO ACTIVITIES OF CRIMINAL ENTERPRISE, THAT THE DEFENDANT WAS ABLE TO COMMIT THE OFFENSES SOLELY BECAUSE OF HIS POSITION IN THE ENTERPRISE -

358. THAT THE PREDICATE ACTS HAVE THE SAME OR SIMILAR PURPOSES, RESULTS, PARTICIPANTS, VICTIMS OR METHODS OF COMMISSION : RACKETEERING PREDICATES ARE RELATED AND THEY AMOUNT TO OR POSE A THREAT OF CONTINUED CRIMINAL ACTIVITY

359. SPECIFIC THREAT OF REPETITION EXIST : PREDICATES ARE REGULAR WAY OF CONDUCTING ON-GOING LEGITIMATE BUSINESS : PREDICATES CAN BE ATTRIBUTED TO DEFENDANTS OPERATING AS PART OF LONG TERM ASSOCIATION THAT EXISTS FOR CRIMINAL PURPOSES

360. THAT NATURE OF ENTERPRISE ITSELF GAVE RISE TO THREAT OF CONTINUITY, OR EXTERNAL FACTORS WHICH EVIDENCE THREAT OF CONTINUED CRIMINAL CONDUCT -

361. THAT THE ENTERPRISE CONSISTED OF ONE VICTIM, PLAINTIFF, THAT PREDICATE ACTS EXISTED FOR SOLE PURPOSE OF DEFRAUDING PLAINTIFF OF RIGHTFUL SHARE OF ASSET OF FAMILY BUSINESS, WHICH SHE IS NOT, THAT DEFENDANTS ARE RESPONSIBLE FOR MASTER MINDING AND PERPETRATING THIS SCHEME

362. RELATED RACKETEERING PREDICATE ACTS INVOLVE SCHEME TO MOVE ASSET FROM TRUSTS TO ACCOUNTS IN WHICH PLAINTIFF HAD RIGHT TO ACCESS TO TRUST AND ACCOUNTS, IN WHICH SHE DID NOT, SCHEME, BEGINNING WITH FRAUDULENT TRANSFER AND CONTINUING THROUGH DEFENDANTS REPEATED REFUSAL TO COOPERATE, LASTING OVER A DECADE

363. DEFENDANT ACTED IN MANNER PROHIBITED BY RULE WHETHER IT BE THAT DEFENDANT EMPLOYED DEVICE SCHEME, OR ARTIFICE TO DEFRAUD, MADE REPRESENTATIONS OR OMISSION OF MATERIAL FACT, OR ENGAGED IN ACTS, PRACTICES OR COURSE OF BUSINESS THAT OPERATE AS FRAUD OR DECEIT : CAUSATION OFTEN ANALYZED IN TERMS OF MATERIALITY AND RELIANCE : DAMAGES : AND THAT FRAUDULENT ACTIVITY OCCURRED IN CONNECTION WITH PURCHASE AND SALE OF SECURITY -

364. THAT DEFENDANT MADE FALSE STATEMENT OR FAILED TO DISCLOSE INFORMATION THAT RENDER ANOTHER STATEMENT MISLEADING : SUCH STATEMENT OR OMISSION WAS MATERIAL : PLAINTIFF RELIED ON STATEMENT OR OMISSION : AND DEFENDANT ACTED WITH SCIENTER OR INTENT TO DEFRAUD -

365. THAT SOMEONE IN THE CONSPIRACY COMMITTED A TORTIOUS ACT THAT PROXIMATELY CAUSED HIS INJURY AND PLAINTIFF CAN HOLD OTHER MEMBERS OF THE CONSPIRACY LIABLE FOR THAT INJURY.

366. THAT TWO OR MORE PERSONS : WITH AN UNLAWFUL OBJECTIVE : AFTER A MEETING OF THE MINDS : COMMITTED AT LEAST ONE ACT IN FURTHERANCE OF THE CONSPIRACY : AND THE PLAINTIFF WAS THEREBY DAMAGED.

367. THAT EACH DEFENDANT AGREED TO CONDUCT THE ENTERPRISE'S AFFAIRS, AGREED TO THE COMMISSION OF TWO SPECIFIC PREDICATE ACTS, AND KNEW THAT THE PREDICATE ACTS WERE PART OF A PATTERN OF RACKETEERING ACTIVITY.

368. COMPLAINT ALLEGES AN AGREEMENT BETWEEN AT LEAST TWO PEOPLE FOR THE PURPOSE OF ACCOMPLISHING SOME UNLAWFUL PURPOSE OR SOME LAWFUL PURPOSE BY UNLAWFUL MEANS, AND AT LEAST ONE TORTIOUS ACT BY ONE OF THE COCONSPIRATORS IN FURTHERANCE OF THE AGREEMENT.

369. THAT TWO OR MORE PERSONS AGREED AND ACTED IN CONCERT TO COMMIT UNLAWFUL ACT, A PRINCIPLE ELEMENT OF WHICH WAS AGREED TO INFLICT A WRONG AGAINST OR INJURY UPON ANOTHER.

370. COMBINATION OF TWO OR MORE PERSONS ACTING IN CONCERT EITHER TO COMMIT UNLAWFUL ACT OR LAWFUL ACT BY UNLAWFUL MEANS.

371. THAT CONCERTED ACTION GAVE THE DEFENDANTS A PECULIAR POWER OF COERCION OVER THE PLAINTIFF, ENABLING THEM TO BRING ABOUT RESULTS DIFFERENT IN KIND FROM WHAT ANY OF THEM COULD ACHIEVE INDIVIDUALLY, BUT DOES NOT REQUIRE PROOF OF ANY OTHER TORTIOUS ACT, AND : A CONCERTED VERSION THAT EXTENDS LIABILITY FOR THE UNDERLYING TORTIOUS CONDUCT TO THOSE WHO ASSIST OR ENCOUR- AGE OTHERS TO COMMIT THE TORT.

372. PLAINTIFF ALLEGES EXISTENCE OF ENTERPRISE AFFECTING INTERSTATE COMMERCE : THAT DEFENDANT KNOWINGLY JOINED CONSPIRACY TO PARTICIPATE IN CONDUCT OF ALL AFFAIRS OF ENTERPRISE : THAT DEFENDANT PARTICIPATED IN CONDUCT OF AFFAIRS OF ENTERPRISE, AND THAT DID SO THROUGH PATTERN OF RACKETEERING ACTIVITY BY AGREEING TO COMMIT, OR IN FACT COMMITTING, TWO OR MORE PREDICATE OFFENSES.

373. THAT DEFENDANTS ACTING IN UNISON, HAD SOME PARTICULAR POWER OF COERCION OVER PLAINTIFF THAT THEY WOULD NOT HAVE HAD IF ACTING INDEPENDANTLY.

374. THAT DEFENDANTS PLANNED TO COMMIT UNLAWFUL ACT, OR TO COMMIT LAWFUL ACT BY UNLAWFUL MEANS, AND COMMITTED SUCH OVERT ACT, RESULTING IN DAMAGES.

375. BETWEEN TWO OR MORE PERSONS: A CORRUPT AGREEMENT AN OVERT ACT IN FURTHERANCE OF THE AGREEMENT: THE PARTIES INTENTIONAL PARTICIPATION IN FURTHERANCE OF A PLAN OR PURPOSE: AND THE RESULTING DAMAGE OR INJURY.

376. FORMATION AND OPERATION OF CONSPIRACY BETWEEN TWO OR MORE PERSONS: WRONGFUL ACTS THAT WERE DONE PURSUANT TO CONSPIRACY AND: DAMAGES RESULTING FROM SUCH ACT OR ACTS.

377. THAT DEFENDANT KNEW GENERAL NATURE OF ENTERPRISE AND KNEW THAT ENTERPRISE EXTENDED BEYOND HIS GENERAL ROLE.

378. THAT DEFENDANT ACTED IN A WILLFUL MANNER CULMINATING IN AN AGREEMENT THAT VIOLATED PLAINTIFF'S RIGHTS, PRIVILEGES OR IMMUNITIES SECURED BY THE CONSTITUTION: THAT DEFENDANTS AGREED OR REACHED AN UNDERSTANDING TO VIOLATE HIS CONSTITUTIONAL RIGHTS.

379. A COMBINATION OF TWO OR MORE PERSONS ACTING WITH A COMMON PURPOSE TO DO AN UNLAWFUL ACT OR TO DO A LAWFUL ACT BY UNLAWFUL MEANS OR FOR AN UNLAWFUL PURPOSE AS AN OVERT ACT DONE IN PURSUANCE OF THE COMMON PURPOSE AND ACTUAL LEGAL DAMAGE.

380. THAT TWO OR MORE PERSONS COMBINED OR AGREED WITH INTENT TO DO UNLAWFUL ACT OR TO DO OTHERWISE LAWFUL ACT BY UNLAWFUL MEANS.

381. THAT TWO OR MORE PERSONS ENGAGED IN CONCERTED ACTION: TO ACCOMPLISH SOME CRIMINAL OR UNLAWFUL PURPOSE, OR SOME LAWFUL PURPOSE BY SOME CRIMINAL AND UNLAWFUL MEANS, AND: THAT ACTUAL DAMAGES RESULTED FROM SOMETHING DONE BY ONE OR MORE OF THE CONSPIRATORS IN FURTHERANCE OF THE OBJECT OF THE CONSPIRACY.

382. TWO OR MORE PERSONS: OBJECTIVE TO BE ACCOMPLISHED: MEETING OF MINDS ON OBJECTIVE: ONE OR MORE OVERT ACTS, AND: DAMAGES AS PROXIMATE RESULT OF CONDUCT.

383. THAT THE DEFENDANTS SHARED A COMMON UNDERSTANDING OR DESIGN TO COMMIT AN UNLAWFUL ACT.

384. THAT DEFENDANT MADE A WILLFUL OR RECKLESS MISREPRESENTATION OF A MATERIAL FACT TO INDUCE ANOTHER TO ACT AND UPON WHICH THE OTHER ACTS .

385. THAT COMPANY MADE MATERIAL FALSE REPRESENTATION, THAT COMPANY KNEW IT WAS FALSE, OR MADE IT RECKLESSLY, THAT IT WAS MADE WITH INTENT THAT CUSTOMER RELY UPON IT, AND THAT CUSTOMER ACTED IN RELIANCE UPON IT AND THEREBY SUFFERED DAMAGES .

386. DAMAGES TO THE RECIPIENT AS THE PROXIMATE RESULT OF THE MISREPRESENTATION : A MISREPRESENTATION : A FRAUDULENT UTTER-ANCE THEREOF : INTENTION BY THE MAKER THAT THE RECIPIENT WILL THEREBY BE INDUCED TO ACT : AND JUSTIFIABLE RELIANCE UPON THE MISREPRESENTATION .

387. UNTRUE STATEMENT OF MATERIAL FACT : KNOWN TO BE UNTRUE BY PERSON MAKING IT : MADE WITH INTENT TO DECEIVE OR RECKLESSLY MADE WITH DISREGARD FOR ITS TRUTHFULNESS : JUS-TIFIABLE RELIANCE OF PLAINTIFF ON STATEMENT'S TRUTHFULNESS, AND INJURY AS RESULT OF SAID RELIANCE .

388. FALSE STATEMENT OF MATERIAL FACT MADE TO INDUCE PLAINTIFF TO ACT, TOGETHER WITH RELIANCE ON FALSE STATEMENT BY PLAINTIFF TO PLAINTIFF'S DETRIMENT .

389. THAT DEFENDANT MADE MISREPRESENTATION, MISREPRESENTATION WAS EITHER FRAUDULENT OR MATERIAL : MISREPRESENTATION INDUCED PLAIN-TIFF TO ENTER INTO CONTRACT : AND PLAINTIFF WAS JUSTIFIED IN RELYING ON MISREPRESENTATION .

390. A REPRESENTATION : WHICH IS MATERIAL TO TRANSACTION AT HAND : WHICH IS MADE FALSELY WITH KNOWLEDGE OF ITS FALSITY OR WITH RECKLESSNESS AS TO WHETHER IT IS TRUE OR FALSE : WHICH IS MADE WITH INTENT OF MISLEADING ANOTHER INTO RELYING THEREON : JUSTIFIABLE RELIANCE : AND RESULTING INJURY THAT WAS PROXIMATELY CAUSED BY THIS RELIANCE .

391. STATEMENT BY DEFENDANT OF MATERIAL NATURE, AS OPPOSED TO OPINION, THAT WAS UNTRUE, THAT WAS KNOWN OR BELIEVED BY SPEAKER TO BE UNTRUE OR MADE IN CULPABLE IGNORANCE OF ITS TRUTH OR FALSITY, THAT WAS REASONABLY RELIED ON BY PLAINTIFF TO ITS DETRIMENT, THAT WAS MADE FOR PURPOSE OF INDUCING RELIANCE AND THAT GENERATED SUCH RELIANCE LEADING TO PLAINTIFF'S INJURY

41

(b) CONCEALMENT OF CAUSE OF ACTION : FAILURE BY CLAIMANT    TO DISCOVER EXISTENCE OF CAUSE OF ACTION : AND DUE DILIGENCE BY CLAIMANT IN ATTEMPTING TO DISCOVER CLAIM .

(c) THAT SELF-CONCEALING ANTITRUST VIOLATION HAS OCCURRED .

392. THAT DEFENDANT MADE MATERIAL REPRESENTATION : IT WAS FALSE : DEFENDANT KNEW IT WAS FALSE WHEN MADE, OR MADE IT RECKLESSLY WITHOUT KNOWLEDGE OF ITS TRUTH AND, AS POSITIVE ASSERTION : IT WAS MADE WITH INTENTION TO INDUCE RELIANCE BY PLAINTIFF : PLAINTIFF RELIED ON IT, AND PLAINTIFF THEREBY SUFFERED INJURY .

393. FALSE STATEMENT CONCERNING MATERIAL FACT :   REPRESENTOR'S KNOWLEDGE THAT REPRESENTATION IS FALSE : INTENTION THAT REPRESENTATION INDUCE ANOTHER TO ACT ON IT : AND CONSEQUENT INJURY BY PARTY ACTING IN JUSTIFIABLE RELIANCE   ON REPRESENTATION .

394. DEFENDANT HAD DUTY TO SPEAK THE TRUTH ; DEFENDANT MADE FALSE REPRESENTATION OF MATERIAL FACT, PLAINTIFF JUSTIFIABLY RELIED UPON FALSE REPRESENTATION, AND AS PROXIMATE RESULT, PLAINTIFF SUFFERED LOSS, HARM, OR DAMAGE .

395. THAT SUPPRESSION INDUCED HER TO ACT .

396. THAT UNDERWRITER KNOWINGLY MADE FALSE REPRESENTATIONS THAT IT WOULD UNDERWRITE, SELL, OR PURCHASE BONDS ISSUED TO FUND CONSTRUCTION OF COLLEGE FOR PURPOSE OF INDUCING BOARD TO REFRAIN FROM SEEKING OTHER FIRMS TO UNDERWRITE BOND .

397. A MISREPRESENTATION : A FRAUDULENT UTTERANCE : AN INTENTION TO INDUCE ACTION ON THE PART OF THE RECIPIENT : A JUSTIFIABLE RELIANCE BY THE RECIPIENT UPON MISREPRESENTATION : AND DAMAGES TO THE RECIPIENT AS A PROXIMATE RESULT .

398. THE DEFENDANT FRAUDULENTLY MADE A MISREPRESENTATION WITH AN INTENT TO INDUCE THE PLAINTIFF TO ACT THEREON : THE PLAINTIFF JUSTIFIABLY RELIED ON THE MISREPRESENTATION : AND THE PLAINTIFF SUSTAINED ACTUAL DAMAGES AS A PROXIMATE RESULT .

399. A MISREPRESENTATION : A FRAUDULENT UTTERANCE THEREOF :   AN INTENTION BY THE MAKER THAT THE RECIPIENT WILL THEREBY BE INDUCED TO ACT : JUSTIFIABLE RELIANCE BY THE RECIPIENT UPON THE MISREPRESENTATION : AND DAMAGES TO THE RECIPIENT AS THE PROXIMATE RESULT .

42

400. DEFENDANT MADE MISREPRESENTATIONS, KNOWING THEY WERE FALSE, INTENTIONALLY AND FOR PURPOSE OF DECEIVING PLAINTIFF, WHICH PLAINTIFF REASONABLY RELIED ON, WITH PROXIMATE RESULT THAT PLAINTIFF INCURRED DAMAGES.

401. A REPRESENTATION: THAT IS FALSE: AND MATERIAL: WHICH THE SPEAKER KNOWS TO BE FALSE OR IS IGNORANT OF ITS TRUTH: MADE WITH INTENT THAT THE REPRESENTATION BE RELIED ON: TO A HEARER WHO IS IGNORANT OF THE FALSITY OF THE REPRESENTATION: WHO IN FACT RELIES ON THE REPRESENTATION: WHO HAS A RIGHT TO RELY ON IT: AND SUFFERS PROXIMATE AND SUBSEQUENT DAMAGES.

402. REPRESENTATION: ITS FALSITY: ITS MATERIALITY: SPEAKER'S KNOWLEDGE OF ITS FALSITY OR IGNORANCE OF ITS TRUTH: SPEAKER'S INTENT THAT REPRESENTATION SHOULD BE ACTED UPON BY HEARER AND IN MANNER REASONABLY CONTEMPLATED: HEARER'S IGNORANCE OF FALSITY OF REPRESENTATION: HEARER'S RELIANCE ON REPRESENTATION BEING TRUE: HEARER'S RIGHT TO RELY THEREON: AND HEARER'S CONSEQUENT AND PROXIMATE INJURY.

403. THAT DEFENDANT MADE A FALSE REPRESENTATION OF MATERIAL FACT: THE DEFENDANT KNEW OR BELIEVED THE REPRESENTATION TO BE FALSE, OR HAD NO SUFFICIENT BASIS OF INFORMATION TO MAKE IT: THE DEFENDANT INTENDED TO INDUCE THE PLAINTIFF TO ACT IN RELIANCE UPON THE MISREPRESENTATION: AND THE PLAINTIFF SUSTAINED DAMAGES AS A RESULT.

404. AT LEAST ONE REPRESENTATION OF PAST OR EXISTING FACT THAT: IS FALSE: WAS MADE WITH KNOWLEDGE OR RECKLESS DISREGARD OF ITS FALSITY: AND CAUSES REASONABLE RELIANCE TO DETRIMENT OF PERSON RELYING ON IT.

405. A FALSE STATEMENT OF MATERIAL FACT MADE TO INDUCE THE PLAINTIFF TO ACT, TOGETHER WITH REASONABLE RELIANCE ON THE FALSE STATEMENT TO THE PLAINTIFF'S DETRIMENT.

406. THAT DEFENDANT MADE A MATERIAL MISREPRESENTATION OF A PRESENTLY EXISTING OR PAST FACT: WHICH HE KNEW OR BELIEVED TO BE FALSE UPON WHICH HE INTENDED PLAINTIFF TO RELY.

407. THAT IT REASONABLY RELIED TO ITS DETRIMENT ON UNTRUE STATEMENT MADE BY ASSIGNOR REGARDING PURPORTED TRANSACTION UNDERLYING LOAN ASSIGNMENT AGREEMENT, THAT ASSIGNOR MADE KNOWINGLY, OR WITH RECKLESS INDIFFERENCE, FALSE REPRESENTATIONS AND OMISSIONS REGARDING PURPORTED SECRET PROJECT GIVING RISE TO UNDERLYING TRANSACTIONS, THAT ASSIGNOR INTENDED FOR ASSIGNEE TO RELY THEREON, AND THAT ASSIGNEE WAS INDUCED BY SUCH RELIANCE TO ENTER INTO ASSIGNMENT AGREEMENTS TO ITS DETRIMENT.

43

408. FRAUDULENT INDUCEMENT WAS ACCOMPLISHED BY KNOWINGLY FALSE REPRESENTATION AND CONCEALMENT .

409. THAT PLAINTIFF SUFFERED A LOSS AS A DIRECT RESULT OF HIS FORESEEABLE, JUSTIFIABLE, OR EXPECTED RELIANCE ON THE ALLEGED MISREPRESENTATIONS OF THE DEFENDANT .

410. THAT IT ACTED TO ITS DETRIMENT IN ACTUAL AND JUSTIFIABLE RELIANCE ON DEFENDANTS MISREPRESENTATION OR ON ASSUMPTION THAT CONCEALED FACTS DOES NOT EXIST .

411. THERE WAS A SUCCESSFUL DECEPTION, AND ACTION TAKEN BY THE PERSON DECEIVED THAT WOULD NOT HAVE OTHERWISE BEEN TAKEN .

412. THAT DEFENDANT AGREED TO OR ACTED IN CONCERT WITH OTHERS TO DEFRAUD PLAINTIFF .

413. THAT ITS RELIANCE UPON THE REPRESENTATION WAS REASONABLE AND JUSTIFIED .

414. THAT PLAINTIFF ACTED IN RELIANCE UPON ALLEGED MISREPRESENTATION

415. THAT HE OR SHE JUSTIFIABLY RELIED ON OTHER PARTY'S FALSE STATEMENT .

416. THAT HE OR SHE ACTUALLY RELIED ON MISREPRESENTATION .

417. THAT A PARTY MADE A MISREPRESENTATION, COLLATERAL OR EX-TRANEOUS TO THE CONTRACT, THAT INDUCED PLAINTIFF TO ENTER INTO SUCH CONTRACT .

418. DEFENDANT MADE MISREPRESENTATIONS OF MATERIAL FACT : DEFENDANT KNEW THAT REPRESENTATIONS WERE FALSE : DEFENDANT INTENDED TO DEFRAUD PLAINTIFF : PLAINTIFF ACTUALLY AND REASONABLY RELIED ON THE MISREPRESENTATIONS : AND PLAINTIFF WAS DAMAGED .

44

419. THAT EMPLOYER MADE FALSE REPRESENTATIONS AND THAT HE REASON-
ABLY RELIED ON THOSE REPRESENTATIONS.

420. AMONG OTHER THINGS, THAT HE OR SHE WAS JUSTIFIED IN RELYING
ON ALLEGEDLY FALSE STATEMENTS OF DEFENDANT.

421. THAT COMPANY WAS ACTING IN A FIDUCIARY CAPACITY: THE COMPANY
MADE AFFIRMATIVE MISREPRESENTATION OF FAIL TO ADEQUATELY INFORM
PLAN PARTICIPANTS AND BENEFICIARIES: THE COMPANY KNEW OF
THE CONFUSION GENERATED BY ITS MISREPRESENTATION OR ITS SILENCE,
AND THERE WAS RESULTING HARM TO ITS EMPLOYEES.

422. THAT DEFENDANT WAS ACTING IN A FIDUCIARY CAPACITY WHEN IT
MADE ALLEGED MISREPRESENTATION OR CONCEALED INFORMATION: THE
DEFENDANT MADE A MATERIAL MISREPRESENTATION OR CONCEALED
MATERIAL INFORMATION: AND THE PLAINTIFF SUFFERED INJURY.

423. A MATERIAL REPRESENTATION: REASONABLE AND DETRIMENTAL RE-
LIANCE AND EXTRAORDINARY CIRCUMSTANCES.

424. THAT ANY MISREPRESENTATION WAS MATERIAL.

425. DEFENDANTS FIDUCIARY STATUS: MATERIAL MISREPRESENTATION: DE-
FENDANTS KNOWLEDGE OF CONFUSION AMONG BENEFICIARIES: AND
RESULTING HARM TO PLAINTIFF.

426. THAT DEFENDANT TOOK AFFIRMATIVE STEPS TO PREVENT DISCOVERY
OF THE PLAINTIFF'S INJURY OR THE NATURE OF THE WRONG ITSELF
WAS SELF-CONCEALING.

427. THAT DEFENDANT WRONGFULLY CONCEALED FRAUD, THAT PLAINTIFF
EXERCISED DUE DILIGENCE IN PURSUING DISCOVERY OF FRAUD, AND
THAT PLAINTIFF FAILED TO DISCOVER FRAUD WITHIN LIMITATIONS PERIOD

428. THAT IT WAS PERSONALLY UNAWARE OF DEFECT, AND THAT DE-
FENDANT ENGAGED IN SOME CONDUCT OF AN AFFIRMATIVE NATURE TO
PREVENT PLAINTIFF FROM BECOMING AWARE OF DEFECT: THAT DE-
FENDANT HAS CONCEALED DEFECT.

45

429. THAT DEFENDANT ENGAGED IN A COURSE OF CONDUCT TO CONCEAL EVIDENCE OF DEFENDANT'S ALLEGED WRONGDOING AND ; THAT THE PLAINTIFF FAILED TO DISCOVER THE FACTS GIVING RISE TO HER CLAIM DESPITE HER EXERCISE OF DUE DILIGENCE .

430. THAT CAUSE OF ACTION EXISTS IN HIS FAVOR .

431. THAT DEFENDANT WRONGFULLY CONCEALED EXISTENCE OF CAUSE OF ACTION : PLAINTIFF FAILED TO DISCOVER OPERATIVE FACTS WITHIN LIMITATIONS PERIOD THAT ARE BASIS OF CAUSE OF ACTION , AND PLAINTIFF EXERCISED DUE DILIGENCE TO DISCOVER THOSE FACTS .

432. THAT DEFENDANTS AFFIRMATIVELY CONCEALED FACTS THAT ARE BASIS OF PLAINTIFF'S CLAIMS : THAT PLAINTIFF FAILED TO DISCOVER THOSE FACTS WITHIN STATUTORY PERIOD : AND THAT PLAINTIFF EXERCISED DUE DILIGENCE .

433. AFFIRMATIVE ACT OF CONCEALMENT BY THE DEFENDANT , AND THAT THE DEFENDANT INTENDED TO PREVENT INQUIRY OR KNOWLEDGE OF THE INQUIRY .

434. THAT THERE IS SUFFICIENT EVIDENCE FROM WHICH A JUDGE OR JURY CAN FIND THE FACTS WERE FRAUDULENTLY CONCEALED .

435. THAT CORPORATION FRAUDULENTLY CONCEALED CAUSE OF ACTION FOR FRAUD AND NEGLIGENT MISREPRESENTATION BY NOT DIVULGING TO PLAINTIFF INACCURACIES IN FINANCIAL STATEMENTS REGARDING CORPORATION'S ECONOMIC CONDITION .

436. THAT DEFENDANTS IN EQUITY AND GOOD CONSCIENCE SHOULD HAVE DISCLOSED THEIR COPYRIGHT NOTICES THAT DEFENDANTS KNOWINGLY AN INTENTIONALLY CONCEALED : THAT PLAINTIFF WAS DECEIVED : AND THAT PLAINTIFF SUFFERED DAMAGES AS A RESULT .

437. A DEFENDANT'S ACTUAL AWARENESS , RATHER THAN IMPUTED KNOWL- EDGE OF THE FACTS NECESSARY TO ESTABLISH THE PLAINTIFF'S CAUSE OF ACTION : DEFENDANTS INTENTIONAL CONCEALMENT OF THESE FACTS FROM THE PLAINTIFF : AND DEFENDANT'S CONCEALMENT OF THE FACTS FOR PURPOSE OF OBTAINING DELAY ON THE PLAINTIFF'S PART IN FILING A COMPLAINT ON THEIR CAUSE OF ACTION .

46

438. THAT DEFENDANTS MADE AN ACTUAL MISREPRESENTATION OF FACT, AND IN MAKING SUCH MISREPRESENTATION, THE DEFENDANTS FRAUDU- LENTLY CONCEALED THE EXISTENCE OF PLAINTIFF'S CAUSE OF ACTION

439. DEFENDANTS WERE AWARE OF THE FACTS NECESSARY TO ESTABLISH THE CAUSE OF ACTION : DEFENDANTS INTENTIONALLY CONCEALED THOSE FACTS FROM PLAINTIFF : AND DEFENDANTS CONCEALMENT OF THE FACTS WAS FOR PURPOSE OF OBTAINING DELAY IN FILING THE COMPLAINT .

440. THAT HE OR SHE EXERCISED DUE DILIGENCE TO DISCOVER HIS OR HER CAUSE OF ACTION BEFORE THE RELEVANT TIME PERIOD EXPIRED : AND THAT DEFENDANT CONCEALED ANY FACTS WHICH WOULD HAVE PUT THE PLAINTIFF ON NOTICE OF ANY CAUSE OF ACTION .

441. THAT DEFENDANT WRONGFULLY CONCEALED MATERIAL FACTS RELATING TO DEFENDANT'S WRONGDOING : CONCEALMENT PREVENTED PLAINTIFF'S DISCOVERY OF NATURE OF CLAIM WITHIN LIMITATIONS PERIOD , AND PLAINTIFF EXERCISED DUE DILIGENCE IN PURSUING THE DISCOVERY OF CLAIM DURING PERIOD PLAINTIFF SEEKS TO HAVE TOLLED .

442. NOT ONLY THAT CRUCIAL FACTS WERE WITHHELD BY DEFENDANTS OWING DUTY OF FULL DISCLOSURE : BUT ALSO THAT HE LACKED MEANS TO UNCOVER THOSE FACTS .

443. THAT DEFENDANTS CONCEALED CONDUCT COMPLAINED OF , AND THAT PLAINTIFFS FAILED , DESPITE EXERCISE OF DUE DILIGENCE ON THEIR PART TO DISCOVER FACTS THAT FORM BASIS OF THEIR CLAIM .

444. THAT THE SERVICES RENDERED BY THE EMPLOYEE WERE SPECIAL , UNIQUE OR EXTRAORDINARY .

445. THAT PURCHASERS WERE REASONABLY DILIGENT IN SUPERVISING DE- FENDANTS ACTIONS WITH REGARD TO THEIR PROPERTY .

446. THAT : THE PARTY PLEADING THE STATUTE OF LIMITATIONS FRAUDULENTLY CONCEALED FACTS THAT ARE BASIS OF PLAINTIFF'S CLAIM, AND : THE PLAINTIFF FAILED TO DISCOVER THOSE FACTS WITHIN THE STATUTORY PERIOD DESPITE THE EXERCISE OF DUE DILIGENCE .

447. THAT DEFENDANT HAS CONCEALED ITS ACTS WITH RESULT THAT PLAIN-TIFF WAS UNAWARE OF THEIR EXISTENCE OR THAT ITS INJURY WAS INHERENTLY UNKNOWABLE AT ACCRUAL DATE .

448. THAT DEFENDANT HAD ACTUAL KNOWLEDGE OF FACT THAT WRONG HAS OCCURRED, AND FIXED PURPOSE TO CONCEAL WRONG FROM PLAINTIFF .

449. THAT THERE WAS A CONTINUED AFFIRMATIVE, FRAUDULENT CONCEALMENT OF THE CAUSE OF ACTION AND THAT DEFENDANT KNEW OF AND CONCEALED IT IN A MANNER WHICH PREVENTED THE PLAINTIFFS FROM DISCOVERING IT DESPITE THEIR DILIGENCE .

450. WRONGFUL CONCEALMENT OF THEIR ACTIONS BY THE DEFENDANTS : WHICH PREVENTED PLAINTIFFS DISCOVERY OF THEIR CAUSE OF ACTION WITHIN THE STATUTORY PERIOD : AND DUE DILIGENCE ON THE PART OF PLAINTIFFS IN ATTEMPTING TO FERRET OUT THE CLAIM .

451. WRONGFUL CONCEALMENT BY THE DEFENDANT : WHICH PREVENTED THE PLAINTIFF'S DISCOVERY OF THE NATURE OF THE CLAIM WITHIN THE LIMIT-ATIONS PERIOD AND DUE DILIGENCE IN PURSUING DISCOVERY OF THE CLAIM .

452. DEFENDANT CONCEALED THE CONDUCT THAT CONSTITUTED THE CAUSE OF ACTION : PLAINTIFF FAILED TO DISCOVER THE OPERATIVE FACTS THAT ARE BASIS OF HIS CAUSE OF ACTION WITHIN THE LIMITATION PERIOD : AND PLAINTIFF USED DUE DILIGENCE UNTIL DISCOVERY .

453. THAT THEY REMAINED IGNORANT OF THEIR CAUSE OF ACTION INTO THE LIMITATIONS PERIOD BUT THAT THEIR IGNORANCE WAS NOT DUE TO THEIR OWN LACK OF REASONABLE DILIGENCE .

454. WRONGFUL CONCEALMENT OF THEIR ACTIONS BY DEFENDANT, FAILURE TO DISCOVER OPERATIVE FACTS THAT ARE BASIS OF THEIR CAUSE OF ACTION WITHIN LIMITATIONS PERIOD AND EXERCISE OF DUE DILIGENCE UNTIL DISCOVERY OF FACTS .

455. THAT PARTICIPANTS HAD NOTICE THAT THEIR ACTION OR INACTION WOULD CONTROL DISPOSITION OF UNALLOCATED SHARES SUCH THAT PARTICIPANTS WOULD BE FIDUCIARIES UNDER ERISA IN REGARD TO UNALLOCATED SHARES .

456. THAT ITS RELIANCE WAS REASONABLE, THAT IS, IT DID NOT KNOW NOR SHOULD IT HAVE KNOWN THAT ITS ADVERSARY'S CONDUCT WAS MISLEADING .

457. THAT THEY RELIED TO THEIR DETRIMENT ON THEIR ADVERSARY'S MISREPRESENTATION AND THAT SUCH RELIANCE WAS REASONABLE BECAUSE THEY NEITHER KNEW NOR SHOULD HAVE KNOWN ADVER-SARY'S CONDUCT WAS MISLEADING .

458. HE OR SHE RELIED TO HIS OR HER DETRIMENT ON OPPOSING PARTY'S POSITION IN PRIOR PROCEEDING .

459. NOT ONLY THAT THEY RELIED ON ALLEGED MISREPRESENTATION BUT ALSO SUCH RELIANCE WAS REASONABLE IN THAT PARTY CLAIMING ESTOPPEL DID NOT KNOW NOR SHOULD IT HAVE KNOWN THAT ITS ADVERSARY'S CONDUCT WAS MISLEADING

460. THAT HE REASONABLY RELIED TO HIS DETRIMENT UPON ACTS OR REP-RESENTATIONS OF OTHER PERSON AND THAT HE HAD NO KNOWLEDGE OR CONVENIENT MEANS OF KNOWING THE FACTS .

461. THAT ALLEGED WRONGDOER MADE REPRESENTATIONS OR INDUCEMENTS UPON WHICH PARTY REASONABLY RELIED THAT WILL CAUSE IT HARM IF ESTOPPEL IS NOT APPLIED .

462. THAT : PARTY TO BE ESTOPPED WAS AWARE OF FACTS : PARTY TO BE ESTOPPED INTENDED ITS ACT OR OMISSION TO BE ACTED UPON : PARTY ASSERTING ESTOPPEL DID NOT HAVE KNOWLEDGE OF FACTS : AND PARTY ASSERTING ESTOPPEL REASONABLY RELIED ON CONDUCT OF PARTY TO BE ESTOPPED, TO HIS SUBSTANTIAL INJURY .

463. THAT : IT DID NOT AND COULD NOT KNOW THE TRUTH OF THE FACTS IN QUESTION : IT RELIED, IN GOOD FAITH, UPON THE CONDUCT OR STATE-MENTS OF THE PARTY TO BE ESTOPPED : AND BASED ON THAT RELIANCE IT ACTED OR DID NOT ACT WITH RESULT THAT IT CHANGED ITS POSITION OR STATUS, TO ITS INJURY, DETRIMENT, OR PREJUDICE .

464. THAT DEFENDANTS HAVE ENGAGED IN AFFIRMATIVE CONDUCT THAT WAS DESIGNED TO MISLEAD OR WAS UNMISTAKABLY LIKELY TO MISLEAD PLAINTIFF .

465. THAT PARTY MADE REPRESENTATIONS OR INDUCEMENTS UPON WHICH OTHER PARTY REASONABLY RELIED TO ITS DETRIMENT .

466. MISREPRESENTATION OF MATERIAL FACT BY PARTY BEING ESTOPPED, WHICH IS CONTRARY TO LATER ASSERTED REPRESENTATION OR POSITION BY THAT PARTY : RELIANCE ON THAT REPRESENTATION BY PARTY CLAIMING ESTOPPEL, AND DETRIMENTAL CHANGE IN POSITION OF PARTY CLAIMING ESTOPPEL CAUSED BY THAT PARTY'S RELIANCE ON THE MISREPRESENTAT- ION .

467. WORDS, ACTS, CONDUCT, OR ACQUIESCENCE CAUSING ANOTHER TO BELIEVE IN THE EXISTENCE OF A CERTAIN STATE OF THINGS : WILLFULNESS OR NEGLIGENCE WITH REGARD TO THE ACTS CONDUCT OR ACQUIESCENCE AND DETRIMENTAL RELIANCE BY THE OTHER PARTY UPON THE STATE OF THINGS SO INDICATED .

468. BY CLEAR AND CONVINCING EVIDENCE, FALSE REPRESENTATION OF MATERIAL TERMS BY DEFENDANT, LACK OF KNOWLEDGE ON PART OF PLAINTIFF, INTENTION BY DEFENDANT THAT REPRESENTATION OR CONCEALMENT BE ACTED ON, AND RELIANCE BY PLAINTIFF TO ITS PREJUDICE .

469. THAT DEFENDANT MISREPRESENTED MATERIAL FACTS : DEFENDANT WAS AWARE OF THE TRUE FACTS : DEFENDANT INTENDED THAT THE MIS- REPRESENTATION BE ACTED ON OR HAD REASON TO BELIEVE PLAIN- TIFF WOULD RELY ON IT : PLAINTIFF DID NOT KNOW, NOR SHOULD HAVE KNOWN, THE TRUE FACTS : AND PLAINTIFF REASONABLY AND DETRIMENTALLY RELIED ON THE MISREPRESENTATIONS .

470. WORDS OR CONDUCT BY PARTY AGAINST WHOM ESTOPPEL IS ALLEGED AMOUNTING TO MISREPRESENTATION OR CONCEALMENT OF MATERIAL FACT : THAT PARTY AGAINST WHOM ESTOPPEL IS ALLEGED HAD KNOWLEDGE, EITHER ACTUAL OR IMPLIED AT TIME REPRESENTATIONS WERE MADE, THAT THEY WERE UNTRUE : THAT TRUTH RESPECTING REPRESENTATIONS SO MADE WAS UNKNOWN TO PARTY CLAIMING BENEFIT OF ESTOPPEL AT TIME THEY WERE MADE AND AT TIME THEY WERE ACTED ON BY PARTY : THAT PARTY ESTOPPED INTENDED OR EXPECTED THAT HIS OR HER CONDUCT OR REPRESENTATIONS WOULD BE ACTED ON BY PARTY ASSERTING ESTOPPEL OR BY THE PUBLIC GENERALLY : THAT REPRESENTAT- IONS OR CONDUCT WAS RELIED AND ACTED BY PARTY CLAIMING BENEFIT OF ESTOPPEL : AND THAT PARTY CLAIMING BENEFIT OF ESTOPPEL WOULD BE PREJUDICED IF FIRST PARTY IS PERMITTED TO DENY TRUTH THEREOF .

471. THAT PERSON AGAINST WHOM IT IS SOUGHT TO BE APPLIED HAS PREVIOUSLY TAKEN AN INCONSISTENT POSITION , WITH KNOWLEDGE OF FACTS AND HIS RIGHTS , TO DETRIMENT OF PERSON SEEKING APPLICATION OF DOCTRINE .

50

472. THAT DEFENDANT MADE A REPRESENTATION TO PLAINTIFF, EITHER THROUGH WORDS OR CONDUCT : PLAINTIFF RELIED TO ITS DETRIMENT ON DEFENDANT'S REPRESENTATION : AND PLAINTIFF'S RELIANCE WAS REASONABLE

473. A MATERIAL MISREPRESENTATION : REASONABLE RELIANCE ON THAT MISREPRESENTATION : AND RESULTING DAMAGES .

474. THAT REPRESENTATION OF MATERIAL FACT WAS MADE TO PARTY : SUCH PARTY HAD RIGHT TO, AND DID, RELY ON REPRESENTATION : AND DENIAL OF REPRESENTATION BY PARTY MAKING IT WOULD INJURE RELYING PARTY

475. THAT PARTY CLAIMING ESTOPPEL LACKED KNOWLEDGE AND MEANS OF KNOWLEDGE OF TRUTH OF FACTS IN QUESTION, THAT HE RELIED ON CONDUCT OF PARTY AGAINST WHOM ESTOPPEL IS CLAIMED, AND THAT HE SUFFERED PREJUDICIAL CHANGE OF POSITION IN CONSEQUENCE THEREOF

476. CONCEALMENT OR MISREPRESENTATION OF A MATERIAL FACT : THE MISREPRESENTATION WAS MADE WITH KNOWLEDGE OF THE FACT : THE OTHER PARTY WAS IGNORANT OF THE TRUTH : THE REPRESENTATION WAS MADE WITH INTENTION THAT THE OTHER PARTY RELY ON IT : THE OTHER PARTY WAS INDUCED TO ACT ON IT : AND THE PARTY WAS HARMED .

477. THE PARTY TO BE ESTOPPED MISREPRESENTED MATERIAL FACTS : THE PARTY TO BE ESTOPPED WAS AWARE OF THE TRUE FACTS : THE PARTY TO BE ESTOPPED INTENDED THAT THE MISREPRESENTATION BE ACTED ON OR HAD REASON TO BELIEVE THAT PARTY ASSERTING THE ESTOPPEL WOULD RELY ON IT : THE PARTY ASSERTING ESTOPPEL DID NOT KNOW, NOR SHOULD IT HAVE KNOWN, THE TRUE FACTS : AND THE PARTY ASSERTING THE ESTOPPEL REASONABLY AND DETRIMENTALLY RELIED ON THE MISREPRESENTATION .

478. MATERIAL MISREPRESENTATION : REASONABLE AND DETRIMENTAL RELIANCE UPON THAT MISREPRESENTATION AND EXTRAORDINARY CIRCUMSTANCES .

479. THAT THERE WAS INDUCEMENT AND THAT PLAINTIFF JUSTIFIABLY AND DETRIMENTALLY RELIED ON THAT INDUCEMENT .

480. THAT THE DEFENDANT MADE A DEFINITE MISREPRESENTATION OF FACT, AND HAD REASON TO BELIEVE THAT, THE PLAINTIFF WOULD RELY ON IT AND THE PLAINTIFF REASONABLY RELIED ON THAT MIS-REPRESENTATION TO THEIR DETRIMENT.

481. MISREPRESENTATION BY ANOTHER PARTY: WHICH HE REASONABLY RE-LIED UPON: TO HIS DETRIMENT.

482. MATERIAL MISREPRESENTATION: REASONABLE RELIANCE UPON MIS-REPRESENTATION: AND DAMAGES RESULTING FROM MISREPRESENTATION

483. THAT DEFENDANT MADE REPRESENTATIONS OR INDUCEMENTS, UPON WHICH PLAINTIFF REASONABLY RELIED THAT WILL CAUSE PLAINTIFF HARM IF ESTOPPEL IS NOT APPLIED.

484. A REPRESENTATION OR CONDUCT AMOUNTING TO A REPRESENTATION INTENDED TO INDUCE A COURSE OF CONDUCT ON THE PERSON TO WHOM THE REPRESENTATION IS MADE: AN ACTUAL ACT OR OMISSION RESULTING FROM THE REPRESENTATION WHETHER ACTUAL OR BY CONDUCT, BY THE PERSON TO WHOM REPRESENTATION IS MADE: AND DETRIMENT TO SUCH PERSON AS A CONSEQUENCE OF THE ACT OR OMISSION.

485. THAT DEFENDANT MADE REPRESENTATION: PLAINTIFF JUSTIFIABLY RE-LIED ON THAT REPRESENTATION: AND PLAINTIFF CHANGED HIS POSITION TO HIS DETRIMENT BECAUSE OF THAT RELIANCE.

486. THAT REPRESENTATION WAS MADE, THAT THERE WAS JUSTIFIABLE RELIANCE ON THAT REPRESENTATION, AND THAT THERE WAS CHANGE IN POSITION TO ONE'S DETRIMENT BECAUSE OF THAT RELIANCE.

487. THAT ANOTHER PARTY, BY ITS ACTS, REPRESENTATIONS, ADMISSIONS. OR SILENCE WHEN IT HAD DUTY TO SPEAK, INDUCED IT TO BELIEVE CERTAIN FACTS EXISTED, AND THAT PARTY RIGHTFULLY RELIED AND ACTED UPON SUCH BELIEF AND WOULD NOW BE PREJUDICED IF OTHER PARTY WERE PERMITTED TO DENY EXISTENCE OF SUCH FACTS.

488. THAT:
THE DEFENDANT MADE A STATEMENT OF MATERIAL FACT THAT WAS FALSE WHEN MADE : THE DEFENDANT ACTED WITH SCIENTER : THE PLAINTIFF JUSTIFIABLY RELIED UPON THE DEFENDANT'S FALSE STATEMENT : AND THE DEFENDANT'S FALSE STATEMENTS PROXIMATELY CAUSED PLAINTIFF'S DAMAGES .

489. THAT DEFENDANTS MADE FALSE OR MISLEADING STATEMENT OF MATERIAL FACT, OR THAT THEY FAILED TO DISCLOSE MATERIAL FACT UNDER CIRCUMSTANCES GIVING RISE TO DUTY TO DISCLOSE : THAT THEY DID SO WITH SCIENTER : THAT PLAINTIFFS JUSTIFIABLY RELIED ON THESE MISSTATEMENTS OR OMISSIONS : AND THAT DEFENDANT'S MISSTATEMENTS OR OMISSIONS AND PLAINTIFFS RELIANCE THEREON PROXIMATELY CAUSE THEM TO SUFFER HARM .

### SUBJECT ANTITRUST

490. THAT THE DEFENDANTS ACTED TO RESTRAIN COMPETITION

491. AGREEMENT TO ENTER CONSPIRACY : WHICH IS DESIGNED TO ACHIEVE UNLAWFUL OBJECTIVE : AND ACTUAL UNLAWFUL EFFECTS OR FACTS WHICH RADIATE POTENTIAL FOR FUTURE HARM TO COMPETITION .

492. AGREEMENT OR CONSPIRACY BETWEEN TWO OR MORE PERSONS OR BUSINESS ENTITIES : INTENT TO HARM OR RESTRAIN COMPETITION AND : ACTUAL RESTRAINT OR INJURY TO COMPETITION .

493. THAT THE CHALLENGED ACTION HAS HAD AN ACTUAL "ADVERSE EFFECT" ON COMPETITION AS A WHOLE IN THE RELEVANT MARKET .

494. DEFENDANT'S POSSESSION OF MONOPOLY POWER IN THE RELEVANT MARKET : WILLFUL ACQUISITION OR MAINTENANCE OF THAT POWER BY ANTICOMPETITIVE OR EXCLUSIONARY MEANS : AND PLAINTIFF'S PERSONAL ANTITRUST INJURY .

495. THAT THERE WAS AGREEMENT WHICH WAS INTENDED TO HARM OR UNREASONABLY RESTRAIN TRADE, THAT AS A DIRECT RESULT PLAINTIFF WAS INJURED, AND THAT DAMAGES SUSTAINED WERE CAPABLE OF REASONABLE ASCERTAINMENT AND WERE NOT SPECULATIVE OR CONJECTURAL .

496. THAT DEFENDANTS VIOLATED ANTITRUST LAWS : THE FACT OF DAMAGES ALSO CALLED IMPACT OF THE UNLAWFUL ACTIVITY : AND THE AMOUNT OF DAMAGES SUSTAINED BECAUSE OF THE UNLAWFUL ACTIVITY .

497. THAT ITS INJURY IS TIED TO A COMPETITION - REDUCING ASPECT OR EFFECT OF THE DEFENDANT'S BEHAVIOR .

(h) THAT THE PURPORTED COMPETITIVE INJURIES RESULTED FROM DEFENDANTS NON - PROTECTIVE ACTIVITIES .

53

498. THAT THE HARM PLAINTIFF HAS SUFFERED OR MIGHT SUFFER FROM THE PRACTICE IS ANTITRUST INJURY, THAT IS, INJURY OR THE TYPE ANTITRUST LAWS WERE INTENDED TO PREVENT, AND THAT FLOWS FROM THAT WHICH MAKES DEFENDANTS ACTS UNLAWFUL. (b) THAT IT IS EFFICIENT ENFORCER OF ANTITRUST LAWS UNDER TARGET AREA TEST.

499. THAT HE IS WITHIN SECTOR OF ECONOMY ENDANGERED BY BREAKDOWN OF COMPETITION CONDITIONS OF PARTICULAR INDUSTRY AND THAT HE IS TARGET AGAINST WHICH ANTICOMPETITIVE ACTIVITY IS DIRECTED.

(b) THAT HE IS CUSTOMER OR COMPETITOR IN RELEVANT ANTITRUST MARKET.

500. THAT DEFENDANT HAS ENOUGH MARKET POWER TO SIGNIFICANTLY IMPINGE ON COMPETITION.

501. PLAINTIFF SUFFERED ANTITRUST INJURY AND THAT HE IS PROPER ANTITRUST PLAINTIFF AN EFFICIENT ENFORCER OF ANTITRUST LAWS.

502. THAT IT SUFFERED ACTUAL INJURY TO ITS BUSINESS OR PROPERTY AS RESULT OF PRICE DISCRIMINATION.

503. THAT CHALLENGED CONDUCT AFFECTED PRICES, QUANTITY, OR QUALITY OF GOODS OR SERVICES, AND NOT JUST HIS OWN WELFARE.

504. CONCERTED ACTION BY DEFENDANTS : WHICH RESULTED IN UNREASON-ABLE RESTRAINT ON TRADE : AND THAT PROXIMATELY CAUSED INJURY TO PLAINTIFF'S BUSINESS.

505. THAT HE SUFFERED AN ANTITRUST INJURY THAT HIS INJURY RESULTED DIRECTLY FROM THE DEFENDANTS ANTICOMPETITIVE ACTS : THAT THE HARM WAS OF THE TYPE THAT ANTITRUST LAWS ARE INTENTED TO PREVENT : AND THAT THE INJURIES REFLECT THE ANTICOMPETITIVE EFFECT OF THE VIOLATION.

506. THAT ANTITRUST DEFENDANT CONTRACTED, COMBINED, OR CONSPIRED : THAT THE COMBINATION OR CONSPIRACY PRODUCED ADVERSE ANTICOMPETITIVE EFFECTS : WITHIN THE RELEVANT PRODUCT AND GEOGRAPHICAL MARKETS : THAT THE OBJECT OF THE CONSPIRACY WERE ILLEGAL : AND THAT PLAINTIFF WAS INJURED AS A PROXIMATE RESULT OF THE CONSPIRACY.

507. THAT DEFENDANT AFFIRMATIVELY ACTED TO CONCEAL PLAINTIFF'S CLAIM.

508. PROOF OF ANTITRUST VIOLATION, THAT IS, THAT DEFENDANTS ILLEGALLY CONSPIRED : PROOF OF CAUSATION, THAT IS, THAT ALLEGED ANTITRUST VIOLATION CAUSED PLAINTIFF TO SUFFER SOME INJURY AND : PROOF OF DAMAGES DUE TO VIOLATION.

509. THAT THE CHALLENGED ACTIVITY FALLS INTO A CATAGORY OF CONDUCT LIKELY TO HAVE PREDOMINATELY ANTICOMPETITIVE EFFECTS .

510. A COMBINATION OR SOME FORM OF CONCERTED ACTION BETWEEN AT LEAST TWO LEGALLY DISTINCT ECONOMIC ENTITIES, AND SUCH COMBINATION OR CONDUCT CONSTITUTED AN UNREASONABLE RESTRAINT OF TRADE EITHER PER SE OR UNDER RULE OF REASON .

511. THAT THE DEFENDANTS CONTRACTED, COMBINED, OR CONSPIRED AMONG EACH OTHER : THAT THE COMBINATION OF CONSPIRACY PRODUCED ADVERSE ANTI-COMPETITIVE EFFECTS WITHIN RELEVANT PRODUCT AND GEOGRAPHIC MARKETS : THAT THE OBJECTS OF AND THE CONDUCT PURSUANT TO THAT CONTRACT OR CONSPIRACY WERE ILLEGAL : AND THAT THE PLAINTIFFS WERE INJURED AS A PROXIMATE RESULT OF THAT CONSPIRACY .

512. EITHER AN UNREASONABLE RESTRAINT UNDER RULE OF REASON, OR A PER SE VIOLATION .

513. A COMBINATION OR SOME FORM OF CONCERTED ACTION BETWEEN AT LEAST TWO LEGALLY DISTINCT ECONOMIC ENTITIES, AND THAT THE COMBINATION CONSTITUTED AN UNREASONABLE RESTRAINT OF TRADE EITHER PER SE OR UNDER THE RULE OF REASON .

514. CONTROL OF ESSENTIAL FACILITY BY MONOPLIST : COMPETITOR'S INABILITY PRACTICALLY OR REASONABLY TO DUPLICATE ESSENTIAL FACILITY, DENIAL OF USE OF FACILITY TO COMPETITOR : AND FEASIBILITY OF PROVIDING FACILITY .

515. THAT THE DEFENDANT HAD MARKET POWER AND THE TYING MARKET LEADS TO A PRESUMPTION THAT IT IS USING THAT POWER TO EXPAND INTO THE TIED MARKET, THAT THE ALLEGED TIE UNREASONABLY RESTRAINED COMPETITION .

516. THAT THERE ARE TWO SEPARATE PRODUCTS, TYING PRODUCT AND TIED PRODUCT : THAT THOSE PRODUCTS ARE IN FACT TIED TOGETHER, THAT IS, BUYER WAS FORCED TO BUY TIED PRODUCT TO GET TO TYING PRODUCT : THAT SELLER POSSESSES SUFFICIENT ECONOMIC POWER IN TYING PRODUCT MARKET TO COERCE BUYER ACCEPTANCE OF TIED PRODUCT, AND INVOLVEMENT OF "NOT INSUBSTANTIAL" AMOUNT OF INTERSTATE COMMERCE IN MARKET OF TIED PRODUCT .

517. THAT DEFENDANT HAS TIED TWO PRODUCTS OR SERVICES SOLD IN DIFFERENT MARKETS : DEFENDANT HAS MARKET POWER IN TYING PRODUCT, AND TIE AFFECTS NOT INSUBSTANTIAL VOLUME OF COMMERCE

518. INVESTOR IDENTIFIES SPECIFIC STATEMENTS MADE BY OFFICERS TO ANALYSTS, AND HOW THEY WERE FALSE OR MISLEADING.

519. THAT DEFENDANTS HAD NO REASONABLE BASIS FOR FORWARD-LOOKING STATEMENTS FOUND IN OFFERING MATERIALS.

520. A MISREPRESENTATION OR OMISSION OF A MATERIAL FACT : IN CONNECT-ION WITH PURCHASE OR SALE OF A SECURITY : INTENT TO DEFRAUD OR RECKLESS CONDUCT : RELIANCE : CAUSATION, AND DAMAGES.

521. THAT A DEFENDANT MADE : A MISSTATEMENT OR AN OMISSION OF A MATERIAL FACT : WITH SCIENTER (KNOWLEDGE) : IN CONNECTION WITH THE PURCHASE OR SALE OF A SECURITY : UPON WHICH PLAINTIFF REASON-ABLY RELIED AND : THAT RELIANCE PROXIMATELY CAUSED INJURY TO THE PLAINTIFF.

522. MISSTATEMENT OR OMISSION : OF MATERIAL FACT : MADE WITH SCIENTER BY DEFENDANT : UPON WHICH PLAINTIFF RELIED, AND THAT PROXIMATELY CAUSED HIS INJURY.

523. THAT THE DEFENDANT MADE AN UNTRUE STATEMENT OF MATERIAL FACT, OR FAILED TO STATE A MATERIAL FACT NECESSARY TO MAKE THE STATEMENTS THAT WERE MADE NOT MISLEADING.

524. PLAINTIFF STATES SOURCE OF THEIR INFORMATION, HOW THEY LEARNED OF REPORTS, AND WHO DRAFTED THEM, SUPPLYING DETAILED DESCRIPTION OF EACH REPORT, AND SPECIFYING WHY STATEMENTS IN QUESTION WERE FALSE WHEN MADE.

## RELIEF SOUGHT

SEEKS RELIEF FOR THOSE PURCHASING IN THE STOCK OFFERING OR WHOSE SHARES COULD BE TRACED TO THE STOCK OFFERING

## JUDGEMENT

DEMANDS EXPRESS RIGHT TO RECISSION UPON A PUBLIC OFFERING OF SECURITIES AND AWARD OF DAMAGES TO REDRESS THOSE INJURIES AT MINIMUM CONSTITUTIONAL STANDING AS A MATTER OF LAW

DECLARES UNDER PENALTY OF PERJURY

6 / 23 / 2010
DATED

_Julis Christian_
PLAINTIFF PRO SE

56